UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
*Ft. Myers Division*

TADE BUA-BELL,                    CASE NO.:

     Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WATERSIDE SHOPS, LLC, a Foreign Limited Liability Company, by and through its undersigned attorney, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court, Middle District of Florida, Ft. Myers Division, an action pending in the Twentieth Judicial Circuit in and for Collier County, Florida, captioned TADE BUA-BELL v. WATERSIDE SHOPS, LLC, a Foreign Limited Liability Company, bearing Case Number 11-2020-CA-002959-0001-XX, and further states:

1.     Plaintiff commenced this negligence personal injury civil action in the Twentieth Judicial Circuit in and for Collier County, Florida, on or about September 11, 2020.  Plaintiff served a summons and complaint on Defendant on

September 22, 2020. Copies of all process, pleadings, and orders served upon Defendant are attached hereto as lettered Exhibits, specifically:

(a)  Civil Cover Sheet with Demand for Jury Trial, Exhibit A;

(b)  Complaint with Demand for Jury Trial, Exhibit B;

(c)  Interrogatories – Exhibit C;

(d)  Request for Production - Exhibit D;

(e)  Notice of Taking Deposition – Exhibit E;

(f)  Request for Admissions - Exhibit F;

(g)  Standing Order - Circuit – Exhibit G

(h)  Paid $400 on receipt 1135168, Fully Paid; $400.00 – Exhibit H;

(i)  Summons Issued – Exhibit I;

(j)  Paid $10.00 on receipt 1135647, Fully Paid; $10.00 – Exhibit J;

(k)  Return of Service of Summons on WATERSIDE SHOPS, LLC, served 9/22/20; Waterside Shops, LLC; 09/22/2020 – Exhibit K

(l)  WATERSIDE SHOPS, LLC, a Foreign Limited Liability Company, Answer and Affirmative Defenses; Notice of Appearance; Notice of Service of Interrogatories; Request to Produce; Request for Admissions – Composite Exhibit L;

(m)  Reply to Affirmative Defenses – Exhibit M;

(n)     Objection to Plaintiff's Notice of taking Deposition Duces tecum –

Exhibit N

2.     Plaintiff served a summons and complaint on Defendant, WATERSIDE SHOPS, LLC, a Foreign Limited Liability Company, on September 22, 2020. (See summons Exhibit O, and affidavit of service, Exhibit K)

3.     Under 28 U.S.C. § 1332(a)(1), the United States District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is between citizens of different states. In this case, the pleadings, the additional materials filed in the state court, and the Exhibits demonstrate that these requirements have been met:

A.     Complete diversity of citizenship is present. Plaintiff is a citizen of the State of Florida, Defendant is a "foreign limited liability company with a principal of and mailing address in Michigan".  (See Complaint, paragraphs 2 and 4).  Defendant, WATERSIDE SHOPS, LLC, a Foreign Limited Liability Company, is comprised of  two LLC members whose members reside outside of Florida.  (See Exhibit P, Timothy Blair Affidavit).

B.     In the Complaint, Plaintiff alleges this is an action for damages exceeding $30,000.00.  No further allegations are made in the Complaint

concerning the particular amount of damages claimed. However, Defendant's insurance carrier received a $615,000.00 demand dated July 7, 2020, with approximately 485 pages of attached medical records and bills, from Plaintiff Counsel which demonstrates the demand for damages or amount in controversy well exceeds at least $75,000, exclusive of interest and costs. (See demand letter and medical bills provided with the demand as Exhibit Q. Personal identification information redacted by Defendant's counsel.)

4. Plaintiff underwent two separate surgical procedures on January 15, 2019, and May 7, 2019, open reduction/internal fixation surgery and hardware removal surgery, for a left Lisfranc ligament tear and fractured metatarsals.

5. Based on the foregoing, the greater weight of the evidence supports the conclusion that the amount in controversy exceeds the jurisdictional threshold.

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441.

7. Applying 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(3)(A), this Notice of Removal has been filed within the time required by law. *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). (Thirty-day clock starts on the date of actual service and not on receipt of an unserved copy.)  See also, *Attea v. Univ. of Miami*, 2012 U.S. Dist. LEXIS 182371 (S.D. Florida Dec. 27, 2012), citing *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1207 (11th Cir. 2008) and 28 U.S.C. sec. 1446(b)(2)(C).  (The thirty-day limitations period for removal begins to run upon service of the last-served defendant.).

8.     Promptly after Defendant files this Notice of Removal, Defendant will file a true copy of same with the Clerk of the Circuit Court for Collier County, Florida, as required by 28 U.S.C. § 1446(d).

9.     Written notice of filing this Notice of Removal has been given to the adverse party as required by 28 U.S.C. § 1446(d).

Dated October 21, 2020.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 21, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL 33132 at efilings@perkinslawoffices.com.

/s/ Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL 33021
Telephone: (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

# EXHIBIT A

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TWENTIETH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>COLLIER</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>TADE BUA-BELL</u>
Plaintiff
vs.
<u>WATERSIDE SHOPS, LLC</u>
Defendant

**II.  AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>800,000</u>

**III.  TYPE OF CASE**  (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions
☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical

    ☐ Malpractice – other professional
☐ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

☐ County Civil
    ☐ Small Claims up to $8,000
    ☐ Civil
    ☐ Replevins
    ☐ Evictions
    ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☐  Non-monetary declaratory or injunctive relief;
      ☐  Punitive

V.     **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      <u>1</u>

VI.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐  Yes
      ☒  No

VII.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VIII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Alexander Jacob Perkins</u>
           Attorney or party
FL Bar No.:  <u>529877</u>
         (Bar number, if attorney)
         <u>Alexander Jacob Perkins</u>
         (Type or print name)
  Date:  <u>09/11/2020</u>

# EXHIBIT B

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

RECEIVED
SEP 2 2 2020
THE GARDENS MALL

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL

      Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

      Defendant.

_____/

CIVIL DIVISION

CASE NO.:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, TADE BUA-BELL by and through undersigned counsel, and hereby sues the Defendant, WATERSIDE SHOPS, LLC., in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, the Defendant, WATERSIDE SHOPS, LLC., was and is a foreign limited liability company with a principal of and mailing address in Michigan, authorized to and doing business within the State of Florida, and specifically within Collier County, Florida.

3. At all times material hereto, the Defendant, WATERSIDE SHOPS, LLC., owned/operated/ and/or controlled an upscale shopping venue located 5415 Tamiami Trail N, Naples, FL 34108 and maintained offices and agents and/or employees in Collier County Florida.

4.      At all times material hereto, the Plaintiff, TADE BUA-BELL, was and is a resident of Collier County, Florida, and is *sui juris.*

5.      All events pled in this Complaint occurred in Collier County Florida, and Collier County is the proper venue.

6.      On or about December 20, 2018, the Plaintiff was lawfully upon the Defendants' premises, as in invitee when she was caused to fall due to the unreasonably slick tile flooring; an unlevel drop-off where the tile meets the concrete floor; and inadequate lighting, all of which the Defendants' knew or should have known about with the exercise of reasonable care and that would likely result in injury or harm to another person, in particular business invitees on the premises.

7.      Upon information and belief, there have been other similar instances of falls on that same flooring material over the course of several years that were reported to the Defendant and for which some resulted in claims and lawsuits against Defendant.

8.      As a direct and proximate result of the foregoing dangerous conditions, TADE BUA-BELL suffered severe injuries and will continue to suffer those injuries into the future.

## COUNT I- NEGLIGENCE WATERSIDE SHOPS, LLC.,

The Plaintiff, TADE BUA-BELL, realleges and reavers the allegations contained above and further states:

9.  On December 20, 2018, the Plaintiff was lawfully upon the Defendant's premises, as an invitee.

10.  The Defendant owed to the Plaintiff a nondelegable duty to use ordinary care to operate and maintain the premises in a manner that was reasonably safe, for those persons lawfully upon its premises, to exercise reasonable care to keep the premises free of foreseeable hazards, and to warn invitees of foreseeable or known hazards or dangerous conditions on

the premises, that it either knew of, or should have known of with the exercise of reasonable care.

11. The Defendant breached this duty to the plaintiff by the following acts of negligence, to wit:

    a.    Failing to provide a reasonably safe premises;

    b.    Failing to maintain the flooring in a reasonably safe condition;

    c.    Failing warn of the dangers which it knew or should have known;

    d.    Failing to provide safe ingress and egress from the shops and property

    e.    Failing to perform adequate maintenance of the flooring;

    f.    Failing to perform adequate inspections of the flooring;

    g.    Failing to properly train and supervise employees in the inspection and maintenance and operation of the property;

    h.    Failing to provide adequate lighting;

    i.    Failing to replace the flooring after other similar instances of slips and falls;

    j.    Failing to warn about the dangerous conditions after being on notice of similar instances of slips and falls

    k.    Failing to properly install or repair flooring allowing for a dangerous drop off or unlevel walking surface or inconsistent walking surface;

    l.    Failing to adequately manage the property;

    m.    Failing to remove hidden dangers or to warn of potential hidden dangers;

    n.    Creating the dangerous condition;

    o.    Failing to implement appropriate modes of business operation designed to prevent, discover, and or ameliorate said dangerous conditions;

p.      Failure to implement, promulgate, adequate policies and procedures and rules and regulations;

q.      Failing to employ sufficient amounts of trained personnel;

r.      Failing to remedy the slippery tile after being on notice of its slippery nature and other similar incidents

s.      Other acts of negligence, as may be discovered, during discovery.

12. As a direct and proximate result of the Defendants' above-mentioned negligence, the Plaintiff was caused to suddenly slip, awkwardly twist her foot, and to fall down hard to the ground in pain due to the unreasonably slick tile flooring and unlevel drop-off where the tile meets the concrete floor in an inadequately lit area of ingress and egress, and thereby sustained a left Lisfranc fracture which required two invasive surgeries, suffered pain therefrom, suffered physical impairment and/or disability, damage, and suffered mental anguish, loss of capacity for the enjoyment of life, the cost of hospitalization and medical treatment in the past, and in the future, pain and suffering, aggravation of pre-existing conditions, inconvenience, and permanent scarring, and/or disfigurement.  These loses are permanent, and continuing in nature, and the Plaintiff will continue to suffer these loses into the future.

**WHEREFORE,** the Plaintiff, TADE BUA-BELL, demands judgment for damages against the Defendant, WATERSIDE SHOPS, LLC, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), attorney's fees if and to the extent permitted by law, prejudgment and post judgment interest to the extent permitted by law, and all costs allowed by law.

## DEMAND FOR JURY TRIAL

**DEMAND** is hereby made for trial by jury of all issues so triable, as a matter of right.

## CERTIFICATE OF SERVICE

**DATED** this 11th day of September, 2020.

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Avenue., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only:
perkins@perkinslawoffices.com
efilings@perkinslawoffices.com
By: */s/ Alexander J. Perkins*
Florida Bar Number: 0529877

# EXHIBIT C

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL

**CIVIL DIVISION**

Plaintiff,

CASE NO.:

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

Defendant.
_____/

### NOTICE OF FILING PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff, TADE BUA-BELL, by and through undersigned counsel hereby propounds the following Interrogatories to Defendant, WATERSIDE SHOPS, LLC, to be answered in writing, under oath, within your knowledge or the knowledge of your agents, servants, employees, or attorneys, on or before forty five (45) days from the date of service in accordance with Rule 1.340, Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint.

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Avenue., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only: perkins@perkinslawoffices.com
efilings@perkinslawoffices.com

By: */s/ Alexander J. Perkins*
Florida Bar Number: 0529877

## DEFINITIONS

For purposes of these Interrogatories, the following terms and definitions are provided:

A. "Plaintiff". The term "Plaintiff" as used herein shall mean TADE BUA-BELL.

B. "Defendant". The term "Defendant" shall mean WATERSIDE SHOPS, LLC, whether by that name or any other, and its representatives as defined in Paragraph 4 hereof.

C. "Representatives" The term "Representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

D. "You" or "Your". The terms "you" or "your" shall refer to Defendant (Defined above) and any other person or entity acting or purporting to act on its behalf.

E. "Document". The term "document" shall mean any written, printed, typed, or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies, and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs, and digital recordings), computer printouts and other printed matter produced through computers, calendar, and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications, and changes to any of the foregoing.

F. "Identify". The term "identify" when used with reference to a person shall mean to: State the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known). Once identified, a person may be subsequently identified by uniform use of a standard name.

Should the Defendant claim an Interrogatory is objected to or not answered under a claim of privilege, the Defendant is required to:

a.  State the basis of the claim of privilege;

b.  Identify the subject matter of the information to which a claim of privilege is made;

c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed; and

d.  The identity of all persons or entities to whom the privileged information has been disclosed.

## <u>INTERROGATORIES TO DEFENDANT</u>

1. What is your name, address, and, if you are answering for someone else, your official position?

2. Describe in detail each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

3. List the names, addresses, email addresses, and phone numbers of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

4. List the name, residence address, business address, email addresses and telephone number of each person believed or known by you, your agents, or attorneys to have heard or who is purported to have heard the Plaintiff make any statement, remark, or comment concerning the accident described in the Complaint and the substance of each statement, remark, or comment.

5. List the name, phone numbers, email addresses, and address of all persons or corporations who were the registered title owners or who had any legal or equitable interest in the property that was the location of the incident described in the complaint, on the date of the accident described in the Complaint.

6. Please state with particularity any factual and legal basis, including statutes or case law in Florida law that specifically references or tends to support the Defendants pre-suit position

that wearing flip flops/sandals is an act of negligence or comparative negligence when walking in a mall in Florida.

7. Do you contend that wearing footwear such as flip flops or sandals in Florida is negligent and a proximate cause of this incident? If so, please describe in detail, whether there were any warning signs or any type of notification instructing patrons not to wear such footwear and describe how wearing such footwear at this outdoor mall in Florida is negligent.

8. Please state the results of all testing of the subject flooring material conducted by Defendant or its representatives, including coefficient of friction testing performed at any time (including in prior claims or cases) and in doing so describe the date of each such test, the nature of the test, the identity of those who performed the tests the results of the tests providing names, addresses, phone numbers, and emails addresses, and any other information that could lead to a formulation of a request for a production for any documents related there to

9. Describe in detail how the accident happened, including all actions taken by you to prevent the accident. In answering this interrogatory specifically describe the length of time the flooring existed, what steps were taken to maintain the flooring if any, what steps were taken to warn about the wet or slippery nature of the floor on the day of the incident if any, what steps were taken to inspect the area at regular intervals if any, and what steps were taken to warden off the area, if any?

10. Please state the names, and last known addresses, phone numbers, and email addresses of the employees of the Defendant, who were present at the subject mall on the date of the incident and those employees who have job duties that involve maintaining the flooring or lighting in the area of the fall for the 3 month period both before and through the incident,

for each, give their job title, whether they are former or current employees, and if former employees their last know contact information including email addresses and phone numbers.(It is not sufficient to provide incomplete addresses, phone numbers, and emails of former employees or to claim privacy concerns pertaining to phone numbers, emails and addresses)

11.  Was the area of the incident alleged in the complaint within the field of view of any video camera(s), and if so:

     a.  Where any images of this incident captured?

     b.  If so, where are the images at this time?

     c.  If the images are not preserved, what happened to them, and when?

12.  Please state the composition of the flooring in the area of the Plaintiff's fall?

13.  List the names, addresses, email addresses, and phone numbers of all persons who are believed or known by you, your agents or attorneys to have slipped or fallen or reported slipping or falling or any known witnesses with knowledge of those slipping and falling, whether bystanders or current or former employees, on the subject flooring material at the subject property in the past 10 years through the present. In doing so provide the dates of each such incident, whether an incident report was generated, and the nature and circumstances of each such incident.

14. Please state whether any maintenance or repairs were made to the area of the flooring described in the complaint, within 3 years prior to the date of the incident pled in the complaint through the present, if so describe the nature of the maintenance or repairs, identifying by whom they were made with names, addresses, email addresses, and phone numbers, and relevant dates work was performed?

15. Please state the names and addresses of all persons who are known by the Defendant to have seen the Plaintiff's fall, or to have assisted the Plaintiff after the fall, or that has knowledge of the fall, or that was involved in the taking of any incident report or images pertaining the fall, or conducted any investigation into the fall and the alleged condition of the pavement.

16. If you contend that you are not the party responsible for maintaining the subject area flooring and its condition as described in the Complaint, please identify the entity or person by name, address, and telephone number who you contend is fully or partially responsible.

17. State all actions taken by you to warn patrons of the subject slippery nature of the flooring.

18. How many other instances of slips or falls occurred at the subject property on same or similar flooring in the last 10 years through the present that were reported?  In answering, please provide the dates of each such incident, the nature and location of each, and identify all persons with knowledge of those incidents by name, address, emails address and phone number.

_____

OF_____ )

COUNTY OF_____ )

     BEFORE ME, the undersigned authority, personally appeared _____ who, after being first duly sworn, deposes and says that the attached answers to interrogatories are true and correct.

     SWORN TO AND SUBSCRIBED before me this \_\_\_\_\_ day of

_____, 2020.

                  _____
                  NOTARY PUBLIC,
                  STATE OF FLORIDA AT LARGE

                  _____
                  PRINT NAME

\_\_\_\_ Personally Known; or \_\_\_\_ Produced Identification

Type of Identification Produced: _____

My Commission Expires:

# EXHIBIT D

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL             CIVIL DIVISION

                                        CASE NO.:

       Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

       Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW, Plaintiff, TADE BUA-BELL, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, hereby requests that Defendant, WATERSIDE SHOPS, LLC, produce the following documents and things identified herein in its possession, custody, or control at the Perkins Law Offices, 14 NE 1st Ave., Suite 814, Miami, FL 33132, Miami, FL 33132, within FORTY-FIVE (45) days of service of this request.

For purposes of this Request for Production, the following definitions are provided:

A. The term "documents" as used in this request means any writing and any other tangible thing, whether printed, recorded, reproduced by any process, or written or produced by hand, including, but not limited to, the original and any non-identical copy (which is different from the original because of notations on such copy or otherwise) of letters, reports, agreements, contracts (including drafts, proposals, and any and all exhibits

---

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

thereto), communications, correspondence, telegrams, teletype messages, memoranda, internal corporate memoranda, summaries, tape recordings, recordings or records of personal conversations, diaries, forecasts, calendars, brochures, photographs, models, statistical statements, graphs, notebooks, charts, tabulations, computations, plans, drawings, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, financial statements, purchase orders, receipts, and checks. The term "document" includes any data stored, maintained or organized electronically or magnetically through computer equipment, translated, if necessary, by you into reasonably usable form. The term "document" also includes any summaries of any document defined above. The term "document" shall also have the meaning prescribed in Rule 1.350 of the Florida Rules of Civil Procedure.

B.  The terms "reflecting" or "referring to" means relating to, evidencing, regarding, pertaining to, consisting of, indicating, concerning or in any way logically or factually connected with the matter discussed.

C.  The term "person" or "people" refers to any natural person or any entity including without limitation a corporation, partnership, joint venture, association, sole proprietorship or other organization or business.

D.  The term "you", "your" or "yours" means Defendant, and/or their employees, agents, predecessor corporations, or entities.

E.  Each of these definitions shall be fully applicable to each document request, notwithstanding that a definition set forth above may, in whole or in part, be reiterated in

a particular request or that a particular request may incorporate supplemental definitions.

F.  For purposes of this Request for Production, the following instructions are provided:

G.  This document request shall be interpreted to seek documents and things that Defendant, possesses, has knowledge of, or has custody or control over.

H.  If any document or thing requested is withheld from production on account of privilege, work product, or any other reason, you shall identify the document or thing and indicate the reason why it is being withheld. Each request should be read so as not to include documents or things subject to privilege or work product if necessary to enable you to produce documents or things otherwise responsive to the request.

I.  The time frame for some of these requests is either self-evident or established by the subject matter of the request itself. Some specific time references are

J.  provided where necessary. The temporal reference to the "present" in a request refers to the date on which you actually produce the documents or things requested. Therefore, a request seeking documents or things from, for example, February 9, 2014, until the "present" requests the production of documents or things dated or prepared from February 9, 2014, until the date on which you actually produce the documents or things requested.

K.  In accordance with Florida Rules of Civil Procedure, you shall file a written response to each of the document requests below.

L.  If any document responsive to a request is in your control, but is not in your possession or custody, identify the person or people with possession or custody of the document. A document is deemed to be in your "control" if you have the right to secure the document

or a copy of the document from another person or from a public or private entity having actual possession or custody of the document. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

M. Some document requests seek documents dated during a specific time interval. If you object to producing documents for a portion of that period, you should state your objection and the time interval for which you object to producing the documents, and you should produce those documents within the scope of the request that are not dated within the objectionable period.

N. If you object to a portion of a document request, you should state your objection and produce documents that are responsive to other portions of that request which you do not find objectionable.

O. Each of these instructions shall be fully applicable to each document request, notwithstanding that an instruction set forth above may, in whole or in part, be reiterated in a particular document request or that a particular request may incorporate supplemental instructions.

## **REQUEST FOR PRODUCTION**

1. All maintenance and repair records for the subject area of the flooring for a period of 10 years prior to the date of incident through the present.

2. Any and all statements of Plaintiff's agents and employees or witnesses; and Defendant's agents and employees, bearing on knowledge of facts relevant and material to the claims and defenses in the instant litigation.

3. Any and all photographs, movies, video tapes, surveillance video, charts, and other documentary evidence of the scene, or parties, involved in or pertaining to the subject accident, occurrences, or issues in this cause.

4. Any and all insurance policies providing benefits or coverage to Defendant for any claimed injury or damage from the subject accident or occurrence.

5. Any and all documents reflecting policies and procedures, for inspecting monitoring, maintaining, operating, and repairing the area of the fall and subject in use on the day of the Plaintiff's incident, and anytime thereafter.

6. Any and all training or employee manuals or materials or policies and procedures, used or in use on the date of the incident, regarding monitoring/inspecting/maintaining the subject area of the incident and including flooring and lighting, and the placing warnings for

dangerous conditions on the property or dealing with, or relating to, the maintaining the premises in a safe condition for invitees.

7. Any and all reports, or documents, reflecting other persons or those with knowledge of those who have slipped or fallen or sustained some type of injury or complaint, in or around the subject area of the incident or on similar flooring as at the subject mall, for a period of 10 years prior to the date of the incident, and through the present to include the Defendant's employees, who have reported having fallen or being injured in or around the subject mall.

8. Any and all personnel files of employees or agents who have responsibilities or duties pertaining to the subject shopping venue, relative to the time period of six months before the incident through the present.

9. Copies of any and all documents, showing the full names, email addresses, contact information, and contact information of, all persons believed by the Defendant, to have witnessed the Plaintiff's incident; arrived at the scene of the fall within an hour of the fall; investigated the incident; spoken to the Plaintiff; and/or seen the conditions of the subject flooring at or near the location of the incident or that have knowledge of the flooring condition(s).

10. Copies of any and all documents that support the Defendant's affirmative defenses that will be or have been raised as these requests that were served with the complaint.

---

11. Copies of any documents relied on, to prepare the Defendant's answers to the Plaintiff's First Set of Interrogatories (due contemporaneous), to the Defendant.

12. Copies of any and all documents reflecting the names, emails, phone numbers, last known addresses, contact information of all Defendant's employees who were present at the subject premises on the day of the alleged incident.

13. Copies of any reports generated in relation to, or arising out of, the incident described in the complaint.

14. Any and all records pertaining other similar incidents (OSI) at the subject shopping venue.

15. Copies of any reports generated or received in relation to, or arising out of, other similar incidents (OSI) of slip and falls or trip and falls on the same flooring material or unlevel flooring involving inadequate lighting at the mall.

16. Copies of any slip tests or coefficient of friction test results or reports generated or received or obtained in relation to, or arising out of, this incident and or other similar incidents of slip and falls on the same flooring material or involving inadequate lighting at the mall including reports generated by representatives of claimants who have slipped and fallen.

17. A copy of any and all contracts the Defendant had with third parties for the maintenance, operation, or repairs of the subject flooring in force on the date of the loss pled in the complaint.

18. Any and all Coefficient of friction testing performed on the subject floor referenced by the claim handler/adjuster for the Defendant.

19. Any and all photos or documentation pertaining to the Plaintiff's footwear worn on the day of the incident.

20. Any and all security camera footage depicting or related to the Plaintiff or this incident, or of any other falls that have occurred at the subject property on similar flooring operated/maintained by the Defendant.

21. Any and all surveillance footage or images of the Plaintiff.

22. Any all documents or information pertaining to the purchase, installation, or repair of the subject flooring.

23. Any and all documents or information pertaining to the subject incident.

24. Any all documents or information pertaining to any subsequent remedial measures of the alleged condition.

25. Any and all receipts, invoices, checks, canceled checks reflecting all payments to repairs to the subject shopping venue lot for the past 10 years through the present.

26. Any and all court or deposition transcripts from any legal proceedings regarding falls at the subject premises.


## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint.

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Avenue., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only: perkins@perkinslawoffices.com
efilings@perkinslawoffices.com
By: */s/ Alexander J. Perkins*
Florida Bar Number: 0529877

# EXHIBIT E

11-2020-CA-002959-0001-XX

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                                     CIVIL DIVISION

                                                  CASE NO.:

     Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM

     PLEASE TAKE NOTICE that the undersigned counsel will take the deposition of

the below named persons on the date and at the hour indicated opposite their name:

| NAME: | DATE AND TIME: | Location: |
|---|---|---|
| Corporate Representative | **December 16, 2020**<br>**12:00 PM** | **Perkins Law Offices**<br>**14 NE 1st Ave Suite 814**<br>**Miami, FL 33132** |

Upon oral examination before the Court Reporters listed for each witness, or any other

Notary Public or officer authorized by law to take depositions in the State of Florida. The

oral examinations will continue from day to day until completed. The deposition is being

taken for the purposes of discovery, for use at trial, or for such other purposes as are

permitted under the Rules of the Court, including the applicable Rules of Civil Procedure.

The witnesses are to have with them the documents listed on the attached **Schedule A.**

---

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was with Complaint.

*/s/ Alexander J. Perkins, Esq.*
Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Avenue., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only:
perkins@perkinslawoffices.com
efilings@perkinslawoffices.com

By: */s/ Alexander J. Perkins*
Florida Bar Number: 0529877

## SCHEDULE A

1. Your entire file related to this matter.

2. Any and all documents, emails, correspondence, letters, videos, photographs, text messages, recordings pertaining to this incident.

3. Any and all applicable insurance documents proving coverage for this loss.

4. Any and all communications by and between the Parties before this suit was filed.

5. Any and all employee manuals, policy and procedures, or other documentation pertaining to training and supervision of employees or independent contractors involved in the operation or maintenance of the subject shopping venue including as it pertains to the installation, repair, maintenance of the flooring materials involved and lighting in the area of the incident.

6. Any and all personnel files of employees or agents who have responsibilities or duties pertaining to the subject shopping venue, relative to the time period of six months before the incident through the present.

7. Any and all maintenance or repair records pertaining to the subject shopping venue for the past ten years through the present.

8. Any and all receipts, invoices, checks, canceled checks reflecting all payments to repairs to the subject shopping venue lot for the past ten years through the present.

9. Any and all records, information, images, statements, or transcripts pertaining other similar incidents (OSI) at the subject shopping venue.

10. Any and all employees/agents list with identifying and contact information who had duties or responsibilities with regard to maintaining, repairing, or operating the subject shopping venue on behalf of defendant.

11. Any and all photographs, videos, or images of any kind of the subject area of the incident, flooring involved as alleged, of the incident and/or of the plaintiff.

12. Any and all receipts, accounting records, payment records of any kind pertaining to repairs made to the subject flooring and lighting for the past 10 years through the present.

# EXHIBIT F

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL

      Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

      Defendant.

_____/

CIVIL DIVISION

CASE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WATERSIDE SHOPS. LLC

COMES NOW, the Plaintiff, TADE BUA-BELL, by and through undersigned counsel, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and hereby propounds the following Request for Admissions to Defendant, WATERSIDE SHOPS, LLC, to be answered in writing, under oath, within **forty-five (45) days** from the date of service of this request.  Please take note that:

1.  For each and every request that you deny, identify each witness by name and address, who will support that denial, state in detail the basis for that denial, and identify every document or tangible thing that would support that denial.

2.  If you can neither admit nor deny the requests, state in detail the reasons why you cannot truthfully admit or deny the request.

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 09/11/2020 12:58:55 PM

3.      If you only admit part of the request, specify so much of it as is true and qualify or deny the remainder.

4.      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, you may not give "lack of information or knowledge" as reason for failure to admit or deny, unless you have made reasonable inquiry and the information known or readily obtainable by you is insufficient to enable you to admit or deny.  If this is the case state in detail what reasonable inquiry you have made.

## DEFINITIONS

For purposes of these Requests, the following terms and definitions are provided. Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Florida Rules of Civil Procedure.

1.      "Plaintiff". The term "Plaintiff" as used herein shall mean TADE BUA-BELL whether by that name or any other, and her representatives as defined in Paragraph 4 hereof.

2.      "Defendant". The term "Defendant" shall mean WATERSIDE SHOPS, LLC, whether by that name or any other, and her representatives as defined in Paragraph 4 hereof.

3.      "Representatives". The term "Representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

4.      "You" or "Your". The terms "you" or "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on his behalf.

5.      "Document". The term "document" shall mean any written, printed, typed, or other graphic or photographic matter (including without limitation, photographs, charts,

graphs, microfiche, microfilm, videotapes, recordings, and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies, and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs, and digital recordings), computer printouts and other printed matter produced through computers, calendar, and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications, and changes to any of the foregoing.

6.     "Communication". The term "communication" as used herein shall mean any contact between or among the parties indicated, transmitted by any means, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails, or electronic contacts, conferences, and discussions. Once identified, a communication may be subsequently identified by a use of a common description.

7.    The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa

8.    "<u>Identify</u>". The term "identify" when used with reference to a *person* shall mean to:

    a.  State the full name of the person;

    b.  State the full name of the last known employer of the person;

    c.  State the last known occupation or title of the person with such employer;

    d.  State the last known business telephone number of the person;

    e.  State the last known home address of the person; and

    f.  State the last known home telephone number of the person.

    g.  Once identified, a person may be subsequently identified by uniform use of a standard name.

9.    "<u>Identify</u>". The term "identify" when used in reference to a *document* shall mean to:

    a.  State a complete description of the document;

    b.  Identify the person who prepared the document;

    c.  State the date on which the document was prepared;

    d.  State the location at which the document was prepared; and

    e.  Identify the person who presently has care, custody, and control of the document.

    f.  Once identified, a document may be subsequently identified by uniform use of a standard description.

10. "Person".  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

11. Should the Defendant claim a Request for Admission is to be objected to or not answered under a claim of privilege, the Defendant is required to:

a. State the basis of the claim of privilege;

b. Identify the subject matter of the information to which a claim of privilege is made;

c. Modify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed; and

d. The identity of all persons or entities to whom the privileged information has been disclosed.

## <u>ADMISSIONS</u>

1. Admit that Defendant has been properly named in the Complaint as a party Defendant based on the allegations of the Complaint.

2. Admit that Defendant, as named in the Complaint, has been sued in its proper capacity based on the allegations of the Complaint.

3. Admit that Defendant has been properly served with the Summons and Complaint in this case.

4. Admit that service of process was properly affected on Defendant.

5. Admit that there are no known statute of limitations defenses that would bar Plaintiff's allegations as stated in the Complaint.

6. Admit that you are in possession of a statement or statements from witnesses.

7. Admit that you are in possession of a statement from the Plaintiff.

8. Admit Defendant is in possession of coefficient of friction testing of the same flooring material that was involved in this incident from previous claims/cases.

9. Admit Defendant was on notice of other similar incidents of slip and falls at waterside shops involving this type of flooring material.

10. Admit Defendant did not warn the Plaintiff that the floor in the area where she slipped was dangerous.

11. Admit Defendant did not warn Plaintiff that wearing flip flops or sandals at this mall posed a danger.

12. Admit Defendant failed to warn Plaintiff not to wear certain footwear.

13. Admit there were no warning signs indicating the floor was wet posted in the area of the fall at the time of the fall.

14. Admit that there are security cameras that depict common areas of the Defendant's property.

15. Admit that the Defendant's security cameras were working on the day of the incident.

16. Admit that Defendant possesses security camera footage of the incident.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint.

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**
Attorney for Plaintiff
14 NE 1st Ave. Suite 814
Miami, FL 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only: efilings@perkinslawoffices.com

By: */s/ Alexander J. Perkins*
Alexander J. Perkins
Florida Bar No: 529877

# EXHIBIT G

# NOTICE TO FILER
## Dated October 16, 2017

THE COLLIER COUNTY CLERK OF COURTS HAS UPDATED OUR SUMMONS ISSUANCE PROCEDURES.  THE STANDING ORDER WILL NO LONGER BE ATTACHED TO THE ELECTRONICALLY ISSUED SUMMONS.  THE STANDING ORDER WILL BE EMAILED TO COUNSEL OF RECORD VIA ESERVICE.  FILER MUST PRINT AND ATTACH THE STANDING ORDER TO THE SERVICE SET BEFORE SUBMITTING TO THE PROCESS SERVER, PER PARAGRAPH 1 OF THE ATTACHED ORDER.

THANK YOU FOR YOUR COOPERATION.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                    CIVIL ACTION

Tade Bua Bell
　　　Plaintiff(s),
vs.                                          CASE NO:  11-2020-CA-002959-0001-XX

Waterside Shops Llc
　　　Defendant(s).

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

　　PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1. **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this Order
   with each Summons issued in this case. One copy of this Order is to be filed with the
   Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate
   statutory clerk's fees on copies for each Standing Order issued and attached to the
   Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has
   established guidelines for the prompt processing and resolution of civil cases. This
   Court has adopted a case management system to help meet those guidelines. In
   contested cases (other than foreclosures, involuntary commitment of sexually violent
   predators and eminent domain cases), the parties are required to participate in the case
   management system. The case management system requires early consultation and
   cooperation among the parties for the preparation and submission of an Agreed Case
   Management Plan, early interaction with a Civil Case Manager and early involvement
   by the Court. The Agreed Case Management Plan requires the parties to identify a
   case track, confer in good faith, attempt to narrow the matters in controversy, identify
   the issues that require direct involvement by the Court and establish a schedule for
   addressing those issues.[1]  The Agreed Case Management Plan may be accessed at the
   Court's website at: [www.ca.cjis20.org].

   Unless all of the Defendants have been served and have defaulted, an Agreed Case
   Management Plan will be submitted to the Civil Case Manager c/o Magistrate's Office
   (ATTENTION: Sherry), Collier County Courthouse, 3315 Tamiami Trail E., Suite
   509, Naples, FL 34112 on or before 150 days from the date of filing the initial
   complaint. If the parties are unable to agree on an Agreed Case Management Plan, a
   case management conference will be scheduled by the Court. If a case management
   conference is scheduled, attendance by trial counsel and those parties who are not
   represented by counsel is mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)B.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.**  The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: [www.ca.cjis20.org].

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this 14th of September, 2020

_____
Elizabeth V Krier, Circuit Judge

# EXHIBIT H

# RECEIPT
1135168

## CRYSTAL K. KINZEL

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER
COLLIER COUNTY, FLORIDA

Printed On:

09/14/2020 10:29

Page 1 of 1

| Receipt Number: 1135168 - Date 09/14/2020  Time 10:29AM | | | |
|---|---|---|---|
| **Received of:** | Alexander Jacob Perkins | | |
| **Cashier Name:** | efiling account | **Balance Owed:** | 400.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 400.00 |
| **Receipt ID:** | 2141285 | **Remaining Balance:** | 0.00 |
| **Division:** | | | |

| Case# 11-2020-CA-002959-0001-XX -- Plaintiff: Bua Bell, Tade | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 400.00 | 400.00 | 0.00 |
| **Case Total** | **400.00** | **400.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 29024457 | **400.00** |
| **Total Received** | | **400.00** |
| **Total Paid** | | **400.00** |

# EXHIBIT I

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                CIVIL DIVISION

                                   CASE NO.: 11-2020-CA-002959-0001-XX

        Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s):

> WATERSIDE SHOPS, LLC
> a Foreign Limited Liability Company,
> JAMES MCCARTEN as Registered Agent
> 3101 PGA BOULEVARD
> PALM BEACH GARDENS, FL 33410

Each Defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney;

> Alexander J. Perkins, Perkins Law Offices
> 14 NE 1ST Ave. Suite 814
> Miami, FL 33132
> perkins@perkinslawoffices.com
> (305) 741-5297

within 20 days. **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit**

---

**is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Crystal K. Kinzel
As Clerk of the Court
Civil Division
3315 Tamiami Trail East. Ste. 102
Naples, FL 34112

By: _Leona Hackler_

As Deputy Clerk

Sep 15 2020

Dated: _____

# EXHIBIT J

# RECEIPT

1135647

## CRYSTAL K. KINZEL

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER
COLLIER COUNTY, FLORIDA

Printed On:

09/15/2020 03:51

Page 1 of 1

| Receipt Number: 1135647 - Date 09/15/2020  Time 3:51PM | |
|---|---|
| **Received of:** | Alexander Jacob Perkins |

| | | | |
|---|---|---|---|
| **Cashier Name:** | efiling account | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 2141810 | **Remaining Balance:** | 0.00 |
| **Division:** | | | |

| Case# 11-2020-CA-002959-0001-XX -- Plaintiff: Bua Bell, Tade | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 29045219 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

# EXHIBIT K

## RETURN OF SERVICE

State of Florida             County of Collier             Circuit Court

Case Number: 11-2020-CA-002959-0001-XX

Plaintiff:
**TADE BUA-BELL**

vs.

Defendant:
**WATERSIDE SHOPS, LLC., et al.,**

For:
Alexander J Perkins
Perkins Law Offices
14 Ne 1st Avenue
Suite 814
Miami, FL 33132

Received by DLE Process Servers, Inc on the 18th day of September, 2020 at 2:58 pm to be served on **Waterside Shops, Llc A Foreign Limited Liability Company c/o: James Mccarten as Registered Agent, 3101 Pga Blvd, Palm Beach Gardens, FL 33410.**

I, Bobby Paul, do hereby affirm that on the **22nd day of September, 2020 at 11:28 am, I:**

served a **LIMITED LIABILITY COMPANY** by delivering a true copy of the Summons, Standing Order, Interrogatories, Notice of Taking Deposition Duces Tecum, Request For Admissions, Request For Production and Complaint. at 3101 Pga Blvd, Main Office, Palm Beach Gardens, FL 33410 with the date and hour of service endorsed thereon by me, to: Jodi Stevens as Employee Authorized for James McCarten, REGISTERED AGENT on behalf of Waterside Shops, Llc A Foreign Limited Liability Company and informing said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

Bobby Paul
CPS 1193

DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2020038432

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1u

Filing # 113333970 E-Filed 09/14/2020 03:59:11 PM

### IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                                    CIVIL DIVISION

                                                 CASE NO.: 11-2020-CA-002959-0001-XX
      Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

      Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s):

        WATERSIDE SHOPS, LLC
        a Foreign Limited Liability Company,
        JAMES MCCARTEN as Registered Agent
        3101 PGA BOULEVARD
        PALM BEACH GARDENS, FL 33410

Each Defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney;

        Alexander J. Perkins, Perkins Law Offices
        14 NE 1st Ave. Suite 814
        Miami, FL 33132
        perkins@perkinslawoffices.com
        (305) 741-5297

within 20 days. **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit**

---

# COMPOSITE EXHIBIT L

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,                          CASE NO.: 11-2020-CA-002959-0001-XX

     Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

     Defendant.

_____/

## ANSWER & AFFIRMATIVE DEFENSES

    Defendant, WATERSIDE SHOPS, LLC, by and through the undersigned attorneys, and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

## GENERAL ALLEGATIONS

1.     Admitted for jurisdictional purposes only, otherwise denied.

2.     Admitted.

3.     Admitted Defendant owned the subject property located at 5415 Tamiami Trail N., Naples, FL 34108, otherwise denied.

4.     Without knowledge, therefore denied.

5.     Without knowledge, therefore denied.

6.     Denied any actions or failure to act on behalf of this Defendant created a dangerous or unsafe condition.  Otherwise without knowledge, therefore denied.

7.     Without knowledge, therefore denied.

8.     Denied.

## COUNT I – NEGLIGENCE WATERSIDE SHOPS, LLC

    Defendant fully incorporates herein by reference their responses to paragraphs 1 through 8 of Plaintiff's Complaint.

9.     Without knowledge, therefore denied.

10.     Pure conclusion of law for which no response is required, otherwise denied.

11.    Denied, including all subparagraphs a. through r.

12.    Denied.

Any allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

13.    That at all times material hereto, Plaintiff was the recipient of benefits from collateral sources and, therefore, the Defendant is entitled to a set-off or a reduction of such sums received against any amount of verdict award that may be entered against the Defendant.

14.    That the negligence of the Plaintiff is responsible for the injuries allegedly suffered by the Plaintiff, either in whole or in part, and that the Plaintiff's recovery, if any, should be proportionately diminished by the Doctrine of Comparative Negligence.

15.    That the injuries allegedly suffered by the Plaintiff were due to circumstances, conditions or events beyond the control of the Defendant, and not reasonably foreseeable by a prudent person and the Plaintiff is barred from recovery therefore.

16.    That at all times material hereto, the Uniform Contribution Among Joint Tortfeasors Act and Florida Statute Section 768.81 are applicable herein, and that the Defendant is entitled to a pro-rata contribution of any and all damages from the Co-Defendant(s), if any.

17.    Defendant affirmatively alleges that the Plaintiff failed to mitigate the damages as required by the applicable law.

18.    If at the time of the accident sued upon, Plaintiff had health insurance or Personal Injury Protection benefits, which would have covered all or a part of Tade Bua-Bell bills, and which would have resulted in reductions in the amounts which would have to be repaid to Tade Bua-Bell health care providers, per Florida case law, (including, but not limited to, *Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005), *ThyssenKrupp Elevator Corporation v. Lasky*, 868 So. 2d 547 (Fla. 2d DCA 2003), *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004), and *Noel v .State Farm Mutual Automobile Insurance Company*, FLWSUPP 1806 NOEL, January 11, 2011), and if Plaintiff failed to mitigate his/her damages by not providing his/her medical providers with his/her health insurance, Personal Injury Protection or benefits information, which they would have taken had they been given the opportunity, then Tade Bua-Bell should not be entitled to recover any damages which would have been avoided had Tade Bua-Bell, or any medical provider who accepted assignment, mitigated same by submitting any bills for payment to health insurance, Personal Injury Protection, or benefits, which would have

resulted in reductions of amounts due.

19.     Medical benefits of private insurance carriers in a similar fashion should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, meaning the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier. The entitlement to "board" medical specials which do not factually reflect the actual amounts of money owed, or charges incurred after write downs or contractual reductions is not entirely clear in case law in all districts and the defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

20.     That at all times material to this cause of action, the Plaintiff is the recipient of benefits from collateral sources and, therefore, the Defendant is entitled to a set-off or a reduction in the amount of any verdict that may be entered against the Defendant. Tade Bua-Bell may have been the recipient of Medicare, or Medicaid, and to the extent that Plaintiff has received benefits from a governmental entity Tade Bua-Bell damages are limited and all that may be "boarded" at trial is the actual amount of any lien after reductions are made to his/her medical bills. See, *Nationwide v. Harrell*, 53 So. 3d 1084 (Fla. 1st DCA 2010) and compare, *ThyssenKrupp v. Lasky*, 868 So. 2d 547 (Fla. 4th DCA 204) and *Goble v. Frohman*, 901 So. 2d 839 (Fla. 2005) and 768.76 (1).

21.     To the extent applicable, the Defendant affirmatively alleges that its liability, if any, must be determined pursuant to Florida Statute Section 768.81(3) and not on the basis of joint and several liability. Liability of this Defendant, if any, must be determined on the basis of its own percentage of fault and the fault of other potential parties whose liability should also be specifically determined by the jury by separate entry on the verdict form.

22.     That the acts and/or omissions of third persons, known or unknown, are responsible, in whole or in part, for the alleged injuries sustained by Plaintiff and the Defendant specifically reserves the right to apportion such fault as may been attributable to such persons. Discovery is ongoing as to the identity thereof.

23.     Defendant is entitled to a set-off of a reduction in the amount of any verdict that may be entered against the Defendant by any and all sums the Plaintiff has received from any

other individual or entity and is barred from recovery therefore.

24.     Defendant affirmatively alleges that Plaintiff's knowledge of any danger condition existing upon the premises was at least equal to the Defendant's knowledge of any such dangers. Since Defendant's knowledge of such dangers was not superior to that of the Plaintiff, Defendant owed no duty to warn Plaintiff of such dangers.

25.     The condition or "hazard" alleged by the Plaintiff was open and obvious.

26.     Defendant specifically reserves the right to plead any and all additional affirmative defenses that become known during the course of discovery.

WHEREFORE, the Defendant, WATERSIDE SHOPS, LLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, TADE BUA-BELL, and award them attorneys' fees and costs, if applicable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 12, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: LawOfficesWeissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,                                    CASE NO.: 11-2020-CA-002959-0001-XX

     Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

     Defendant.

_____/

### NOTICE OF APPEARANCE & DESIGNATION OF EMAIL ADDRESS

    PLEASE TAKE NOTICE that Law Offices of Jason L. Weissman, 4000 Hollywood Blvd., Suite 501-South, Hollywood, Florida 33021, is appearing as counsel of record on behalf of Defendant, Waterside Shops, LLC, in the above-styled cause, and pursuant to Rule 4-7.10 of the rules regulating the Florida Bar, hereby discloses that the undersigned is an employee of a subsidiary of The Hartford Financial Services Group.

    It is hereby requested that copies of all pleadings, transcripts of depositions taken in this cause, answers to interrogatories, responses to requests for production and documents produced pursuant thereto, etc., be furnished to undersigned counsel by all parties hereto.

    Also, in compliance with Rule 2.516 the following E-Mail addresses for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

    **Primary E-Mail Address: lawofficesweissman@thehartford.com**

    **Secondary E-Mail Address: Peter.Kociolek@thehartford.com**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 12, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,                              CASE NO.: 11-2020-CA-002959-0001-XX

      Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

      Defendant.

_____/

### NOTICE OF SERVICE OF PREMISES LIABILITY
### INTERROGATORIES TO PLAINTIFF

      Defendant, WATERSIDE SHOPS, LLC, by and through the undersigned attorneys, hereby propounds the attached interrogatories to the Plaintiff, TADE BUA-BELL, requesting said Plaintiff to answer same under oath, in writing, within the time and manner prescribed by the Fla. R. Civ. P.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 12, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,

CASE NO.: 11-2020-CA-002959-0001-XX

     Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

     Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

**COMES NOW** the Defendant**, Waterside Shops, LLC**, by and through the undersigned attorneys, pursuant to Fla. R. Civ. Proc. 1.350, and requests the Plaintiff**, Tade Bua-Bell**, to produce to the Defendant at Law Offices of Jason L. Weissman, 4000 Hollywood Blvd., Suite 501-S, Hollywood, FL 33021 thirty (30) days from the service of this request or at such other reasonable time as might be mutually agreed upon by the attorneys for the parties for the purpose of inspecting and copying the matters described as follows:

**Please produce true, accurate and complete copies of the following:**

1.     Your Social Security Card(s).

2.     Any and all marriage licenses.

3.     Any and all drivers/operators' licenses issued by any state and/or governmental agency.

4.     Each and every stamped page of any and all passports used by you within the past ten (10) years including the identification pages.

5.     Any and all Restraining Orders entered in favor of Plaintiff against any person or against Plaintiff in favor of any person.

6.     Any and all cellular telephone call records and/or billing records for any cellular telephone owned by or in the possession of Plaintiff on the date of the accident

that is subject of this lawsuit.

7.   Police report, exchange of driver information, or any other reports created by any investigating agency, pertaining to the automobile accident that is the subject of this action.

8.   Police report, exchange of driver information, or any other reports created by any investigating agency, pertaining to any automobile accident in which Plaintiff has been involved.

9.   Bills and/or estimates of repair to the evidence and/or damaged property involved in the accident or occurrence that is the subject of this lawsuit, and the cost of temporary or permanent replacement thereof.

10.  Any and all photographs, graphs, charts and other documentary evidence of the scene, parties or vehicles, if applicable, involved in or pertaining to the subject accident or occurrence or issues in this cause.

11.  Color copies of all photographs taken of the Plaintiff, depicting his/her physical injuries, allegedly relating to the accident that is the subject of this lawsuit.

12.  Color copies of all photographs of the vehicles involved in any accident, in which the Plaintiff was a vehicle operator or passenger, occurring prior to the accident that is the subject of this lawsuit.

13.  Color copies of all photographs taken of the Plaintiff, depicting his/her physical injuries, following any accident, occurring prior to the accident that is the subject of this lawsuit.

14.  Color copies of all photographs of the vehicles involved in any accident, in which the Plaintiff was a vehicle operator or passenger, occurring subsequent to the accident that is the subject of this lawsuit.

15.  Color copies of all photographs taken of the Plaintiff, depicting his/her physical injuries, following any accident, occurring subsequent to the accident that is the subject of this lawsuit.

16.  Color copies of any and all photographs or surveillance of the Defendant and/or alleged tortfeasor.

17.  Any and all written and/or recorded statements taken from the Defendant and/or alleged tortfeasor in this cause, concerning this action or its subject matter or a stenographic, mechanical, electrical or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement.

18.  Any and all written and/or recorded statements taken from other witnesses in this

cause, concerning this action or its subject matter or a stenographic, mechanical, electrical or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement.

19. All transcripts of any traffic or other court hearings concerning the subject matter of this litigation.

20. All written statements, recorded statements, examinations under oath, or depositions taken from the Plaintiff in connection with the accident that is the subject of this lawsuit.

21. All written statements, recorded statements, examinations under oath, or depositions taken from the Plaintiff in connection with any accident or injury, occurring prior to the accident that is the subject of this lawsuit.

22. All written statements, recorded statements, examinations under oath, or depositions taken from the Plaintiff in connection with any accident or injury, occurring subsequent to the accident that is the subject of this lawsuit.

23. A copy of Plaintiff's current resume.

24. Any and all resumes, which Plaintiff has distributed to any other person or entity, whether electronically or on paper, within the past five years.

25. Any documents evidencing Plaintiff's separation from employment from any employer for any reason since the date of the accident alleged in the Complaint.

26. Any documents evidencing Plaintiff's separation from employment from any employer for any reason within the ten (10) years prior to the date of the accident alleged in the Complaint.

27. Any and all college, university, technical school, or vocational school transcripts, degrees, diplomas, or certificates.

28. Federal Income Tax Returns, W-2 withholding tax statements, and any and all other business records and/or income records, and any other evidence of income for the past ten (10) years, together with evidence of current calendar year income to date; *or if Plaintiffs deny possession and access to such items*, provide a duly executed Internal Revenue Service Form 4506, "*Request for Copy of Tax Form or Tax Account Information*" for said tax years, attached hereto.

29. All documents which support Plaintiff's wage loss/loss of earnings capacity claim, including but not limited to:
   a. Documents evidencing Plaintiff's income, salary, or wages for the year prior to the date of accident alleged in the Complaint;
   b. Documents evidencing Plaintiff's income, salary, wages, unemployment

benefits, short-term disability benefits, and/or long-term disability benefits, since the date of the accident alleged in the Complaint;

c. Documents evidencing any time missed from employment since the date of the accident alleged in the Complaint; and

d. Documents evidencing any release from work by any physician or other medical provider since the date of the accident alleged in the Complaint.

30. Any and all medical or related bills, paid or owing, allegedly resulting from the accident or occurrence alleged in the Complaint.

31. Any and all medical reports, doctors' reports, or reports rendered by experts applicable to any and all issues in this cause, for which the Plaintiffs intends to use the author of said report as an expert witness at trial.

32. Any and all medical records, hospital records, chiropractic records, osteopathic records, faith healer's records, dental records, x-rays reports, MRI scan reports, CT scan reports, nurses' notes, physical therapy records, records from any practitioner of the healing arts, or any other non-privileged medical information in Plaintiffs' possession, including copies of any radiographic materials such as x-ray films, CT films, MRI films, etc. allegedly resulting from the accident or occurrence alleged in the Complaint.

33. Any and all medical records, hospital records, chiropractic records, osteopathic records, faith healer's records, dental records, x-rays reports, MRI scan reports, CT scan reports, nurses' notes, physical therapy records, records from any practitioner of the healing arts, or any other non-privileged medical information in Plaintiffs' possession, including copies of any radiographic materials such as x-ray films, CT films, MRI films, etc., pertaining to the Plaintiff or Plaintiff's medical conditions within the ten (10) years prior to the accident or occurrence alleged in the Complaint.

34. Any and all radiographic materials, including but not limited to X-Ray films, CT films, MRI films, etc., taken of the Plaintiff, as well as any associated reports.

35. Any and all reports regarding any independent or compulsory medical examination of Plaintiff, which has been required or performed by any Personal Injury Protection or Medical Payments coverage insurer.

36. Any and all insurance policies providing benefits or coverage to the Plaintiffs for any claimed injury or damage from the subject accident or occurrence.

37. All written materials concerning any settlement by Plaintiffs with any other person or entity who may have been liable for the damages claimed by the Plaintiffs, together with all Releases, Litigation Loan Agreements, "*Mary Carter*" or other similar Agreements.

38.     All written material evidencing payment by any source of medical bills and any other expenses alleged to have been incurred by Plaintiffs as a result of the subject accident, including but not limited to PIP logs or MedPay logs.

39.     All automobile insurance policies which provide or may provide PIP benefits or medical or disability payments to Plaintiffs as regards to damages alleged to have been incurred as a result of the subject accident, together with the relevant declarations or face sheet reflecting available coverage's and deductibles.

40.     All other medical and/or disability insurance policies, including all booklets concerning any group policies, which provide or may provide medical or disability payments to Plaintiffs regarding damages alleged to have been incurred as a result of the subject accident, together with the relevant declarations or face sheet reflecting available coverages and deductibles.

41.     Any applications for insurance including health, disability, casualty, automobile, hospital, business interruptions or umbrella liability policies.

42.     Any letters or correspondence sent by Plaintiff, Plaintiff's attorney, or any other representative of Plaintiff to any medical provider pursuant to Florida Statute 786.76.

43.     All Notices of Commencement, pursuant to Florida Statute 768.76.

44.     Any and all applications for social security disability, together with all records, correspondence and evaluations being utilized by the Social Security Administration for review of your disability.

45.     Any and all pleadings, motions, orders, stipulations, transcripts in connection with any claims of the Plaintiff concerning any accident, occurring subsequent to the accident that is the subject of this lawsuit.

46.     Any and all pleadings, motions, orders, stipulations, transcripts in connection with any claims of the Plaintiff concerning any accident, occurring prior to the accident that is the subject of this lawsuit.

47.     Any and all documents from any worker's compensation claim you have made within the past ten (10) years that are not covered by attorney client privilege. Documents include any and all pleadings, depositions, medical records, petition for benefits, notices of denial, IME reports, vocational rehabilitation reports, copies of any settlement documents, copies of joint petition or an order from the judge regarding the final disposition of the worker's compensation claim and all DWC forms. Please provide the name of the person who is in possession of these documents if you do not have these documents in your possession.

48.  Any and all documents pertaining to settlement of claims arising from accidents involving Plaintiff, occurring prior to or subsequent to the accident that is the subject of this lawsuit.

49.  All correspondence, agreements and other writings and tangible items received by Plaintiff or Plaintiff's attorney(s), from any alleged tortfeasor, his or her attorney(s), or his or her insurers, pertaining to claims arising from accidents involving Plaintiff, occurring prior to the accident that is the subject of this lawsuit.

50.  All correspondence, agreements and other writings and tangible items received by Plaintiff or Plaintiff's attorney(s), from any alleged tortfeasor, his or her attorney(s), or his or her insurers, pertaining to claims arising from accidents involving Plaintiff, occurring subsequent to the accident that is the subject of this lawsuit.

51.  All settlement agreements, settlement checks, releases and other documents pertaining to the settlement of claims by Plaintiff, in connection with injuries allegedly sustained in any accident occurring subsequent to the accident at issue in this case.

52.  All settlement agreements, settlement checks, releases and other documents pertaining to the settlement of claims by Plaintiff, in connection with injuries allegedly sustained in any accident occurring prior to the accident at issue in this case.

53.  All correspondence by or on behalf of the Plaintiff to the liability insurer of any alleged tortfeasor, and to the liability insurer of Plaintiff, pertaining to claims arising from accidents involving Plaintiff, occurring subsequent to the accident that is the subject of this lawsuit.

54.  All correspondence by or on behalf of the Plaintiff to the liability insurer of any alleged tortfeasor, and to the liability insurer of Plaintiff, pertaining to claims arising from accidents involving Plaintiff, occurring prior to the accident that is the subject of this lawsuit.

55.  All personal injury protection payouts pertaining to Plaintiff, in connection with health care treatment received as a result of any accident, occurring subsequent to the accident that is the subject of this lawsuit.

56.  All personal injury protection payouts pertaining to Plaintiff, in connection with health care treatment received as a result of any accident, occurring prior to the accident that is the subject of this lawsuit.

57.  A written authorization executed by Plaintiff permitting release of hospital and/or medical records pertaining to Plaintiff to Law Offices of Jason L. Weissman, in

the form and manner as attached hereto for execution by Plaintiff and returned to the undersigned.

58.     A written authorization executed by Plaintiff permitting release of business and/or personnel records pertaining to Plaintiff to Law Offices of Jason L. Weissman, in the form and manner as attached hereto for execution by Plaintiffs and returned to the undersigned.

59.     A written authorization executed by Plaintiff permitting release of Medicaid records pertaining to Plaintiff to Law Offices of Jason L. Weissman, in the form and manner as attached hereto for execution by Plaintiffs and returned to the undersigned.

60.     A written authorization executed by Plaintiff permitting release of Medicare records pertaining to Plaintiff to Law Offices of Jason L. Weissman, in the form and manner as attached hereto for execution by Plaintiffs and returned to the undersigned.

61.     Medicare Consent Form executed by the Plaintiff permitting the release of information pertaining to Plaintiff to Law Offices of Jason L. Weissman in the form and manner as attached hereto for execution by the Plaintiff and returned to the undersigned.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 12, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.
_____
Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,                                    CASE NO.: 11-2020-CA-002959-0001-XX

      Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

      Defendant.

_____/

## REQUEST FOR ADMISSIONS

    Defendant, WATERSIDE SHOPS, LLC, by and through the undersigned attorneys, and
pursuant to Fla. R. Civ. Proc. 1.370, request(s) the Plaintiff, Tade Bua-Bell, to admit or deny the
following:

    1.    Plaintiff received or is entitled to receive benefits from a collateral source, as
defined by Section 768.76 of the Florida Statutes, for medical bills alleged to have been incurred
as a result of the incident described in the Complaint.

    2.    Plaintiff received or is entitled to receive benefits from a collateral source, as
defined by Section 768.76 of the Florida Statutes, for loss of wages or income alleged to have
been sustained as a result of the incident described in the Complaint.

    3.    Plaintiff received or is entitled to receive benefits under the medical payments
provisions of an insurance policy for medical bills alleged to have been incurred as a result of the
incident described in the Complaint.

4.      Plaintiff received benefits pursuant to a personal or group health insurance policy for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

5.      Plaintiff received or is entitled to receive benefits from Medicare for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

6.      Plaintiff received or is entitled to receive benefits from Medicaid for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

7.      Plaintiff is a Florida resident.

8.      Plaintiff was a Florida resident on December 20, 2016.

9.      The amount in controversy in this civil action exceeds the sum or value of $75,000, exclusive of interest and costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 12, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, Waterside Shops, LLC

# EXHIBIT M

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                              CIVIL DIVISION

                                          CASE NO.: 11-2020-CA-002959-0001-XX

      Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,


      Defendant.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT WATERSIDE SHOPS, LLC, ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Plaintiff, TADE BUA-BELL, by and through undersigned counsel, and files its Reply to Defendant WATERSIDE SHOPS, LLC, Answer and Affirmative Defenses and states as follows:

1.      Plaintiff denies each and every affirmative defense set forth by the Defendant, WATERSIDE SHOPS, LLC, in its Answer to Plaintiff's Complaint dated October 12th, 2020, and demands strict proof thereof.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and copy of the foregoing was served this 16th day October 2020, to Peter W. Kociolek, Jr., Esq.; lawofficesweissman@thehartford.com ; peter.kociolek@thehartford.com .

*/s/ Alexander Perkins*
Alexander Perkins, Esquire
Florida Bar No. 0529877

---

**PERKINS LAW OFFICES** | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

**PERKINS LAW OFFICES, P.A.**
Attorneys for the Plaintiff
14 NE 1st Ave. Suite 814
Miami, FL 33132
Phone: (305) 741-5297
Fax: (855)-740-5297

# EXHIBIT N

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL,                              CASE NO.: 11-2020-CA-002959-0001-XX

      Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

      Defendant.

_____/

## OBJECTION TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM

Defendant, WATERSIDE SHOPS, LLC, files this Objection to Plaintiff's Notice of taking Deposition Duces Tecum dated September 11, 2020, and shows unto the Court, as follows:

1.    A Notice of Taking Deposition of the Corporate Representative of Waterside Shops, LLC was scheduled December 16, 2020 at 12:00 p.m.

2.    This deposition was set unilaterally without conferring or coordinating with Defendant or their counsel.

WHEREFORE, Defendant asks the Court strike Plaintiff's September 11, 2020 Notice of Taking Deposition Duces Tecum.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copies of the foregoing were furnished by Electronic Mail on October 21, 2020 to Alexander J. Perkins, Esq., Perkins Law Offices, P.A., 14 Northeast 1st Avenue Suite 814, Miami, FL  33132 at efilings@perkinslawoffices.com.

/s/  Peter W. Kociolek, Jr.

_____

Peter W. Kociolek, Jr., Esquire
Florida Bar No.: 18921
Law Offices of Jason L. Weissman
4000 Hollywood Blvd., Suite 501-S
Hollywood, FL  33021
Telephone:  (407) 562-3240
Facsimile: (877) 369-4874
Primary Email: lawofficesweissman@thehartford.com
Secondary Email: Peter.Kociolek@thehartford.com
Attorneys for Defendant, The Waterside Shops, LLC

# EXHIBIT O

Filing # 113333970 E-Filed 09/14/2020 03:59:11 PM

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN
AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                    CIVIL DIVISION

                                 CASE NO.: 11-2020-CA-002959-0001-XX

    Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition
in this action on defendant(s):

        WATERSIDE SHOPS, LLC
        a Foreign Limited Liability Company,
        JAMES MCCARTEN as Registered Agent
        3101 PGA BOULEVARD
        PALM BEACH GARDENS, FL 33410

Each Defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney;

        Alexander J. Perkins, Perkins Law Offices
        14 NE 1st Ave. Suite 814
        Miami, FL 33132
        perkins@perkinslawoffices.com
        (305) 741-5297

within 20 days. Except when suit is brought pursuant to s. 768.28, Florida Statutes, if
the State of Florida, one of its agencies, or one of its officials or employees sued in his
or her official capacity is a defendant, the time to respond shall be 40 days. When suit

---

PERKINS LAW OFFICES | 14 NE 1st AVENUE, SUITE 814 | MIAMI, FL 33132

1

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK 09/14/2020 03:59:11 PM

<u>is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days</u> after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Crystal K. Kinzel
As Clerk of the Court
Civil Division
3315 Tamiami Trail East. Ste. 102
Naples, FL 34112

By: _Leerna Hackler_

As Deputy Clerk

Dated: Sep 15 2020

# NOTICE TO FILER
## Dated October 16, 2017

THE COLLIER COUNTY CLERK OF COURTS HAS UPDATED OUR SUMMONS ISSUANCE PROCEDURES.  THE STANDING ORDER WILL NO LONGER BE ATTACHED TO THE ELECTRONICALLY ISSUED SUMMONS.  THE STANDING ORDER WILL BE EMAILED TO COUNSEL OF RECORD VIA ESERVICE.  FILER MUST PRINT AND ATTACH THE STANDING ORDER TO THE SERVICE SET BEFORE SUBMITTING TO THE PROCESS SERVER, PER PARAGRAPH 1 OF THE ATTACHED ORDER.

THANK YOU FOR YOUR COOPERATION.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                            CIVIL ACTION

Tade Bua Bell
        Plaintiff(s),
vs.                                              CASE NO: 11-2020-CA-002959-0001-XX

Waterside Shops Llc
        Defendant(s).

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1.  **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order
    with each Summons issued in this case. One copy of this Order is to be filed with the
    Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate
    statutory clerk's fees on copies for each Standing Order issued and attached to the
    Summons.

2.  **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
    established guidelines for the prompt processing and resolution of civil cases. This
    Court has adopted a case management system to help meet those guidelines. In
    contested cases (other than foreclosures, involuntary commitment of sexually violent
    predators and eminent domain cases), the parties are required to participate in the case
    management system. The case management system requires early consultation and
    cooperation among the parties for the preparation and submission of an Agreed Case
    Management Plan, early interaction with a Civil Case Manager and early involvement
    by the Court. The Agreed Case Management Plan requires the parties to identify a
    case track, confer in good faith, attempt to narrow the matters in controversy, identify
    the issues that require direct involvement by the Court and establish a schedule for
    addressing those issues.[1] The Agreed Case Management Plan may be accessed at the
    Court's website at: [www.ca.cjis20.org].

    Unless all of the Defendants have been served and have defaulted, an Agreed Case
    Management Plan will be submitted to the Civil Case Manager c/o Magistrate's Office
    (ATTENTION: Sherry), Collier County Courthouse, 3315 Tamiami Trail E., Suite
    509, Naples, FL 34112 on or before 150 days from the date of filing the initial
    complaint. If the parties are unable to agree on an Agreed Case Management Plan, a
    case management conference will be scheduled by the Court. If a case management
    conference is scheduled, attendance by trial counsel and those parties who are not
    represented by counsel is mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)B.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.**  The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: [www.ca.cjis20.org].

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this 14th of September, 2020

Elizabeth V Krier, Circuit Judge

# EXHIBIT P

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
*Ft. Myers Division*

TADE BUA-BELL,                                              CASE NO.:

    Plaintiff,

vs.

WATERSIDE SHOPS, LLC
a Foreign Limited Liability Company,

    Defendant.

_____/

## AFFIDAVIT OF TIMOTHY BLAIR

STATE OF MICHIGAN

COUNTY OF OAKLAND

    Before me, the undersigned officer, duly authorized to administer oaths, personally appeared Timothy Blair, who affirms that he has personal knowledge of the following:

1. I am over the age of 18 years and competent to make this Affidavit.

2. I am a resident of Oakland County, Michigan.

3. I am the CFO of Waterside Shops, LLC, with principal office located at 100 Galleria Officentre, Suite 427, Southfield, MI 48034.

4. Waterside Shops, LLC, is a Delaware LLC, and is comprised of the following members and corresponding addresses:

    (a) Forbes Waterside Associates, LLC, a Delaware LLC (Managing Member), 100 Galleria Officentre, Suite 427, Southfield, MI 48034;

    (b) F-T Waterside, LLC, a Delaware, LLC, 100 Galleria Officentre, Suite 427, Southfield, MI 48034;

5. No members of Forbes Waterside Associates, LLC, or F-T Waterside, LLC, are Florida residents.

6. Plaintiff has demanded payment for damages in excess of $75,000 as a result of this claim.

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

8. There is complete diversity of citizenship between Plaintiff, a Florida resident, and Defendant.

9. Further Affiant sayeth not.

TIMOTHY BLAIR

    BEFORE ME, the undersigned authority, personally appeared Timothy Blair who is personally known to me or who has produced _____ (type of identification) and who, being first by me duly sworn, acknowledged that he/she is the person duly authorized to execute the foregoing Affidavit, that he/she read this instrument and that it is true and correct to the best of his/her knowledge and belief and executed same by means of ☑ physical presence or ☐ online notarization, this _19TH_ day of _OCTOBER_, 2020.

Brenda Walton, Notary Public
State of Michigan, County of Oakland
My Commission Expires 10/1/2023
Acting in the County of _OAKLAND_

NOTARY PUBLIC, STATE OF MICHIGAN
My Commission Expires: _10/01/2023_

# EXHIBIT Q

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

Case 2:20-cv-00837-JES-NPM   Document 1   Filed 10/21/20   Page 93 of 127 PageID 93

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| July 7, 2020 1:36:08 PM EDT | | 1331 | 18 | Received |

From: Rebeca Hernandez     Fax: 18557405297          To: 8668091178@rcfax.com     Fax: (866) 809-1178          Page: 1 of 18          07/07/2020 1:13 PM

# FAX

| Date: | 07/07/2020 |
|---|---|

| Pages including cover sheet: | 18 |
|---|---|

| **To:** | 8668091178@rcfax.com |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Phone** | *(866) 809-1178* |

| **From:** | Rebeca Hernandez |
|---|---|
| | Perkins Law Offices |
| | 14 NE 1st Ave. |
| | Miami |
| | FL                  33132 |
| | |
| **Phone** | (305) 741-5297 * 105 |
| **Fax Phone** | 18557405297 |

**NOTE:**

RE: DEMAND TADE BELL - PART 1 Event Number:GL0018188763  Claim
Number: Y43 L 74131



PERKINS
LAW OFFICES
REAL LAWYERS. REAL CASES.

July 7, 2020

<u>**Sent via Facsimile & Email: (866) 809-1178 &**</u>
<u>**LaJoyce.Henderson@thehartford.com**</u>
Attn: LaJoyce Henderson
The Hartford
PO BOX 14268
Lexington, KY 40512

|  | RE: | **Claimant**: | Tade Bua-Bell |
|---|---|---|---|
|  |  | **Your Insured**: | The Forbes Company, LLC |
|  |  | **Date of Accident**: | December 20, 2018 |
|  |  | **Event Number**: | GL0018188763 |
|  |  | **Claim Number**: | Y43 L 74131 |

<u>**TIME-LIMITED SETTLEMENT DEMAND**</u>
<u>**FOR SETTLEMENT PURPOSES ONLY**</u>

Dear Ms. Henderson,

This law firm represents 52-year old real estate broker, Tade Bua-Bell, for the dislocated Lisfranc ligament tear and fractured metatarsals requiring open reduction and internal fixation surgery and a second hardware removal surgery after a slip and fall accident that occurred at Waterside Shops operated by your insured The Forbes Company, LLC. Now nearly two years after the incident, she walks with a permanent limp. The enclosed information will assist you in evaluating The Hartford's exposure for the injuries caused to Mrs. Bua-Bell.

**BACKGROUND AND LIABILITY**

On December 20, 2018 at around 6:45pm, Mrs. Bua-Bell, was lawfully on the premises of the upscale Waterside Shops as an invitee doing holiday shopping. She was walking normally and attentively back to her vehicle when the incident occurred. As she was nearing the mall exit by Soma Shops, she was caused to suddenly slip, awkwardly twist her foot, and to fall down hard to the ground in pain due to the unreasonably slick tile flooring and unlevel drop-off where the tile meets the concrete floor. This unreasonably dangerous slippery and drop-off condition was camouflaged by the inadequate lighting in that area of the mall point of ingress and egress.

PCN: 30014202007071000432 DCN: 30014202007071000432001 Received Date/Time: 7/7/2020 1:36:08 PM Page 2 of 18



**PERKINS LAW OFFICES**
REAL LAWYERS. REAL CASES.

The overall set up created a foreseeably dangerous condition that was well known to Waterside shops, but not to its unsuspecting patrons. There was no warning sign, barriers, or other indicators to alert patrons of these dangerous conditions even though Waterside has had numerous similar incidents on this floor. The below photos show the improper tile flooring for an outdoor mall, as well as the unacceptable drop-off from the tile to the concrete landing leading to the ramp. You can also see the lack of lighting on the approach to the parking lot. Individually, these are all dangerous conditions in their own right. Tripling them together is a recipe for disaster. It was only a matter of time before someone fell right there, and upon information and belief, it wasn't.



In fact, Waterside's tile floors are known to be dangerously slippery, so much so that warning signs do little to cure the problem. Even knowing the floor is wet will not necessarily prevent a fall, it's akin to walking on ice. Waterside's floors are so slippery that local Fox Channel 4 did an investigative report on it. The YouTube link to the story is attached below.

https://www.youtube.com/watch?v=ZQ-9ZWcVjzY

In addition, there are also various newspaper articles and online reviews on Tripadvisor of how dangerous and slippery these floors are. Below you find a sampling of some of those online mentions of the slippery floor.







●●●●● Reviewed February 22, 2017 | 📱 via mobile

**Great place for a rainy day**

It was a bit rainy on the second day of the trip, we we decided to shoot by the shops, everything was extreamly clean and the shops are great, they are very expensive shops so make sure your aware of that. There are a few nice places to eat and a shop for pretty much everyone, there are Canopys around the shop edges but a lot of open air so if it's raining you may have to get a bit wet going from shop to shop, but you can stay dry if you stay under and take the long way around. The floor tiles get very slippery when wet so be careful on rainy days, the fountains look great and the surrounding areas are nice, It fills up quick so parking may be a small issue

**Date of experience:** February 2017

Ask Douglas C about Waterside Shops

👍 Thank Douglas C ⋮

*This review is the subjective opinion of a TripAdvisor member and not of TripAdvisor LLC.*

  It is the non-delegable duty of the Waterside Shops/Forbes to maintain the premises, of which they own and operate, in a reasonably safe condition and if there are places which are not reasonably safe, then the Waterside Shops must protect an invitee by warning them of these dangers and correcting the dangers in a reasonably expedient manner. Waterside failed to do any of the above. It knew it had a slippery tile floor that was prone to becoming even more slippery when wet and when it rained. It knew when it selected the tile and constructed the mall, that it rained regularly in Florida.

  The grisly result of the unsuitable outdoor tile, the lack of maintenance and inspection, the of warnings or correct measures, was a **left Lisfranc fracture** resulting in an invasive surgery on January 15, 2019 where a screw was implanted in Mrs. Bua-Bell's left foot. Subsequently, the hardware also had to be removed which required a **second surgery** on May 07, 2019.



---

PERKINS LAW OFFICES | 14 NE 1ˢᵗ Ave. Suite 814 | Miami, FL 33132

3



## DAMAGES

Below are the photographs of the foot before and after surgery. The scarring and disfigurement are evident, and Mrs. Bell is still suffering from pain, swelling, and limitations. She still cannot wear heals or open toe shoes and she may never do so again. Vigorous exercise is out of the question. Mrs. Bua-Bell's left foot is nothing like how it was before, and is visibly deteriorated compared to a nonsurgical foot.



Photos from 12/20/2018 – Night of fall



Photos from 12/21/2018 - Day after fall

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

4

From: Rebeca Hernandez    Fax: 18557405297      To: 8668091178@rcfax.com      Fax: (866) 809-1178      Page: 6 of 18      07/07/2020 1:13 PM





Photos from 12/26/2018





Photos from 01/23/2019 – After first surgery

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

5

# PERKINS
## LAW OFFICES
### REAL LAWYERS. REAL CASES.



Photos from 12/19/2019

After the incident, Mrs. Bua-Bell immediately contacted Dr. Robin Roth her primary doctor, who advised her to go see an orthopedic doctor. The next day Mrs. Bua-Bell had an appointment with Dr. Roth to go over lab work unrelated to this accident. It was there where she complained once again that she was feeling terrible since the fall and felt she broke her ankle. Dr. Roth called recommended orthopedic Dr. Amin, and made an appointment for Mrs. Bua-Bell to be seen.

On the same day, Mrs. Bua-Bell was evaluated by recommended orthopedic Dr. Amin at Adams Foot & Ankle. Mrs. Bua-Bell explained that she felt a pop in her midfoot and it was difficult to flex her ankle and had been using an ace wrap to the foot but is unable to bear weight and is using crutches. Dr. Amin ordered x-rays to be performed on the inflicted areas. The results revealed there was a gapping of the 1st and 2nd metatarsals and second metatarsal cuneiform suggestive of possible Lisfranc ligamentous injury. There was diffuse soft tissue swelling of the dorsal left foot Dislocation of tarsometatarsal joint of left foot, sprain of left foot, sprain of left ankle, and strain of tendon of long extensor muscle of toe at ankle level of left foot. Dr. Amin recommended MRI of foot and ankle for further evaluation. And due to the presence of these significant findings, she also recommended that Mrs. Bua-Bell use a cam-walker and a knee walker or i-walk crutch for further aid.

Later that day, Mrs. Bua-Bell presented herself to ProScan of Naples, where she would have an MRI of her left ankle and left foot taken.

The MRI results revealed the following:

**MR Left Foot w/o Contrast - CONCLUSION:**

*1. Lisfranc ligament is torn.*

---



# PERKINS
## LAW OFFICES
### REAL LAWYERS. REAL CASES.

*2. Diffuse capsuloligamentous injury and myofascial injury*
*throughout the midfoot. This is epicentered at the tarsometatarsal joint.*
*3. Regions of osseous contusion and nondisplaced fracture involve the base of the 2nd,*
*3rd, and 4th metatarsals.*
*4. Diffuse dorsal and deep soft tissue swelling.*

**MR Left Ankle w/o Contrast - CONCLUSION:**

*1. Acute Lisfranc ligament tear. Contusion and microfracturing throughout the*
*tarsometatarsal junction. Regions of more focal nondisplaced fracture involve the base of*
*the 4th and less so 2nd and 3rd metatarsals. No displacement.*
*2. No dislocation at the midfoot.*
*3. Diffuse muscle and myofascial injury and dorsal soft tissue contusion throughout the*
*midfoot and forefoot and less so hindfoot.*
*4. Anterior talofibular ligament is torn and scarred. Clinical correlation will be*
*necessary to assess and confirm its function.*
*5. Osteochondral defect involves the medial talar dome measuring approximately 8 x 19*
*mm. Regions of full thickness chondral deficiency overlie this region. Subtle subchondral*
*marrow change is present. This may be a more chronic injury or reflect an acute on*
*chronic pattern of injury.*
*6. Proximal to mid Achilles tendinopathy and peritendinitis. No tear.*
*7. Chronic plantar fasciitis.*







The Lisfranc joint is the point at which the metatarsal bones (long bones that lead up to the toes) and the tarsal bones (bones in the arch) connect. The Lisfranc ligament is a tough band of tissue that joins two of these bones. It is vitally is important for maintaining proper alignment and strength of the joint and normal walking pattern. A Lisfranc fracture occurs when there are either torn ligaments or broken bones in the midfoot area. The midfoot contains the Lisfranc joint and the Lisfranc ligament, both of which are injured in a Lisfranc injury. Symptoms of a Lisfranc injury may include: Swelling of the foot Pain throughout the midfoot when standing or when pressure is applied Inability to bear weight.

On January 10, 2019, Mrs. Bua-Bell returned to Dr. Amin for a follow up of her left foot and ankle injury and to review the MRI findings. **Dr. Amin assessed that Mrs. Bua-Bell had a left foot Lisfranc ligament tear, left ankle sprain, left second, third, fourth metatarsal fx non displaced, left talus OCD lesion and extensor tendon strain.** Dr. Amin discussed that although the OCD lesion has no displacement, she was concerned about the gapping of Lisfranc Joint and needing surgery should it worsen. She mentioned if the gapping worsens on follow up or if Mrs. Bua-Bell has instability of the joint when she begins weightbearing she will need tightrope fixation of that area. But as of that moment she recommended a wait and see approach to the injury. Unfortunately, it did not resolve on its own and two surgeries were ultimately planned.

On the same day at the request of Dr. Roth, Mrs. Bua-Bell presented to NCH Orthopedic office for a second opinion of her left foot and ankle. Mrs. Bua-Bell's MRI's from 12/21/2018 were re-evaluated by Dr. Asla. He confirmed that the **MRI of the left foot shows a tear of the Lisfranc ligament**. Regions of the osseous contusion and nondisplaced fractures involving the base of the second, third, and fourth metatarsals. And the **MRI of the left ankle demonstrated an osteochondral defect involving the medial talar dome** measuring approximately 8 x 19 mm. Regions of full-thickness chondral deficiency overlie this region. Subtle subchondral marrow change is present. Proximal mid Achilles tendinopathy and peritendinitis. Chronic plantar



# PERKINS
# LAW OFFICES
REAL LAWYERS. REAL CASES.

fasciittis. Dr. Asla recommended an ORIF (open reduction and internal fixation) of the left Lisfranc dislocation. This invasive procedure requires transarticular screws and dorsal plates in. He mentioned that Mrs. Bua-Bell will need to remain non weightbearing on the left lower extremity for at least 8 weeks and she would be indwelling orthopedic hardware. Mrs. Bua-Bell knowing that she could no longer bear the pain agreed to schedule her surgery.

On January 11, 2019, Mrs. Bua-Bell presented herself to EnerQi Point LLC to see acupuncturist Noelle Ham. The acupuncturist provided physical therapy sessions as noted below throughout 2019 both before and after the surgeries. On initial visit, the acupuncturist saw the limited range of motion of the ankle and foot and noted that the physical appearance of the foot showed bruising and swelling. Mrs. Bua-Bell described her pain to be an 8-10 on a pain scale of 1-10. She described it as constant deep, aching pain. Acupuncturist Noelle Ham's treatment consisted of **acupuncture, electro-stimulation acupuncture, acupuncture injection therapy, and manual therapy to restore range of motion, restore function, reduce pain**. Mrs. Bua-Bell went to treatments at EnerQi Point LLC for a total of **50 visits** on the following days both before and after both surgeries in addition to performing a home physical therapy regimen:

| | | | | | |
|---|---|---|---|---|---|
| 01/11/2019, | 01/14/2019, | 01/25/2019, | 01/29/2019, | 02/01/2019, | 02/05/2019, |
| 02/08/2019, | 02/12/2019, | 02/20/2019, | 02/27/2019, | 03/01/2019, | 03/04/2019, |
| 03/06/2019, | 03/11/2019, | 03/13/2019, | 03/18/2019, | 03/21/2019, | 03/25/2019, |
| 03/27/2019, | 04/02/2019, | 04/04/3019, | 04/16/2019, | 04/18/2019, | 04/23/3019, |
| 04/26/2019, | 04/29/2019, | 05/01/2019, | 05/06/2019, | 05/16/2019, | 05/21/2019, |
| 05/28/2019, | 06/11/2019, | 06/18/2019, | 06/25/2019, | 07/02/2019, | 07/12/2019, |
| 07/16/2019, | 07/22/2019, | 07/31/2019, | 08/07/2019, | 08/12/2019, | 08/19/2019, |
| 08/26/2019, | 09/03/2019, | 09/09/2019, | 09/16/2019, | 09/23/2019, | 10/02/2019, |
| 10/14/2019, | 10/10/2019, | 10/21/2019, | 10/28/2019, | 11/05/2019, | 11/14/2019, |
| 11/26/2019, | 12/05/2019, | 12/10/2019, | 01/03/2020, | 01/10/2020, | 01/28/2020, |
| 01/31/2020, | 02/04/2020, | 02/25/2020, | 03/03/2020, | 03/10/2020, | 03/19/2020, |
| 03/20/2020, | 05/04/2020, | 05/11/2020, | 05/18/2020. | | |

On January 15, 2019, Mrs. Bua-Bell was operated by Dr. De Asla from NCH Physicians Group. The surgery consisted of an open reduction with internal fixation of the left foot Lisfranc injury, a right first MTP joint injection with a half a cc of half percent Marcaine and 40 mg of Depo-Medrol, and an open treatment of tarsometatarsal joint dislocation which includes internal fixation. The main disadvantages of such a procedure include having to endure a second surgery to remove the hardware and limited mobility. She was instructed to remain non weightbearing in a posterior splint, and use a knee walker for assistance.

On January 23, 2019, Mrs. Bua-Bell had her first post-operative visit. She was told she will remain non-weight bearing, and they prescribed ibuprofen for the pain, and asked her to return in one week for casting and suture removal.

# PERKINS
# LAW OFFICES
REAL LAWYERS. REAL CASES.

On January 30, 2019, two weeks after the surgery all sutures were removed and steri-strips were applied. A short leg cast was also applied. Due to her inability to walk without assistance she was using a knee scooter to assist in ambulation. And was scheduled to return in four weeks for a reassessment. She continued to have pain and swelling.

On February 27, 2019, Mrs. Bua-Bell was transitioned from her short leg cast to a short walking boot. She was also instructed once again to remain non-weight bearing for an additional two weeks. After the two weeks she may begin to weight bear in her walking boot as tolerated. The doctor recommended the use of crutch to aid initial transition.

On March 27, 2019, Mrs, Bua-Bell was transitioned from a short leg walking boot into a stiff soled sneaker. She was advised that she should wear the boot outdoors for an additional two weeks, and was given a prescription for custom orthotics. And at that time, they recommended physical therapy.

On May 01, 2019, Mrs.Bua-Bell returned for her 15-week post-operative visit after s strict regimen of acupuncture and home therapy. She complained that the pain is exacerbated after a long day of work as a realtor. Normally her pain symptoms are localized to the plantar aspect of the medial midfoot. Dr. De Asla said her residual symptoms are likely hardware related. Mrs. Bua-Bell was tentatively scheduled for hardware removal on 05/17/19 but reached out to surgical coordinator in an attempt to move the date forward.

On **May 07, 2019, Mrs. Bua-Bell had her second surgery** to remove the implanted screws from the left foot. A dorsal left foot ring block was carried out followed by a local field block over the planned surgical incision sites. A stab incision was made over the medial aspect of the midfoot and a freer elevator was used to bluntly dissect down to the head of the indwelling Lisfranc screw. A second stab incision was created over the midshaft of the first metatarsal. Blunt dissection was carried down to the level of the indwelling screw head. Once the screw head was identified and localized it was removed intact with the appropriate size screwdriver. They successfully removed all the hardware.

It has been a year since the second surgery. She continues with acupuncture and home therapy exercises she learned after the initial surgery. Although having had two surgeries, she is not fully recovered and will never fully recover. The injury is now deemed chronic and she will likely need an arthrodesis and or TAR in the future. Traumatic arthritis is definitely in store. She cannot vigorously exercise, or walk, without discomfort and fear of further injury or fall. Running is out of the realm of possibility.

This injury dramatically altered Mrs. Bua-Bell's quality of life for the worse. In the first few weeks following the incident and surgeries totaling months, Mrs. Bua-Bell was left unable to work or perform simple daily activities on her own due pain and her dependency on equipment to assist in ambulation. Wheelchairs, walkers, scooters. Even after the long recovery after the first



surgery, it was a false start. She had to endure a second surgery and second round of surgical recovery.

**Mrs. Bua-Bell now has a permanent limp. She used to regularly do high intensity workouts with a trainer. That is over with. She and her husband used to off road and drive lifted trucks. She can no longer get in and out and the ride is rough and jarring which exacerbates the pain and limp.**

**She had a collection of designer shoes she can no longer wear worth $40,000. She must wear sneakers while on showings which reduces her professional appearance Real Estate deals were lost or had to be put on hold. Mrs. Bua-Bell leads a successful luxury home team as a broker associate.**

This incident has taken away normal activities of Mrs. Bua-Bell's everyday life. Thus, Mrs. Bua-Bell is left to cope with the everlasting effects of her injuries and such coping has proven difficult at times as she is a realtor and has to be on her feet some days for long periods of time.

## ECONOMIC EVALUATION

**Past Medical Expenses**

| | |
|---|---|
| Dr. Roth: | $1,060.00 |
| Dr. Adams & Dr. Amin: | $700.00 |
| NCH – Dr. Richard De Asla | $4,716.00 |
| NCH Hospital | $46,078.10 |
| Pro-Scan Imaging | $4,000.00 |
| EnerQi Point | $7330.00 |

| | |
|---|---|
| **Total Medical Expenses:** | **$63,884.10** |

| | |
|---|---|
| **Designer Shoes Collection:** | **$40,000.00** |

## NON-ECONOMIC EVALUATION

**Diminished Quality of Life, Inconvenience, and Pain and Suffering**

| | |
|---|---|
| Past Pain and Suffering: | $118,440.00[1] |
| Past Mental Anguish: | $118,440.00[2] |
| Past Inconvenience, Loss of Capacity for Enjoyment of Life: | $118,440.00[3] |
| Future Pain and Suffering: | $116,800.00[4] |



| | |
|---|---|
| Future Mental Anguish: | $116,800.00[5] |
| Future Inconvenience, Loss of Capacity for Enjoyment of Life: | $116,800.00[6] |
| **Total:** | **$705,720.00** |

## TOTAL LIABILITY

**Total Liability**

| | |
|---|---|
| Out of pocket: | $40,000.00 |
| Past Medical Expenses: | $63,884.10 |
| Future Medical Expenses: | $100,000.00 |
| Total non-economic damages: | $705,720.00 |
| **Total Damages:** | **$909,604.10** |

      This incident has caused significant damage to my client, physically, financially, and emotionally. I currently have authority to settle her claim for **$615,000** to be tendered to my office no later than 5:00 p.m., EST, on August 10, 2020 via a check made payable to Perkins Law Offices P.A., Trust Account. If the tender is not made before the deadline, we will pursue the full compensatory value of this case through litigation via the attached Complaint.

      Please contact us should you have any questions.

Very truly yours,

*/s/: Alexander Perkins*

Alexander J. Perkins, Esquire

[1] $210 per day for past 564 days since the accident
[2] $210 per day for past 564 days since the accident
[3] $210 per day for past 564 days since the accident
[4] $10.00 per day for 32 years of life expectancy (11,680 days)
[5] $10.00 per day for 32years of life expectancy (11,680 days)
[6] $10.00 per day for 32 years of years of life expectancy (11,680 days)

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL                                          CIVIL DIVISION

                                                      CASE NO.:

     Plaintiff,

v.

WATERSIDE SHOPS, LLC,

     Defendant.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, TADE BUA-BELL by and through undersigned counsel, and hereby sues the Defendant, WATERSIDE SHOPS, LLC., in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2.     At all times material hereto, the Defendant, WATERSIDE SHOPS, LLC., was and is a foreign limited liability company with a principal off and mailing address in Michigan, authorized to and doing business within the State of Florida, and specifically within Collier County, Florida.

3.     At all times material hereto, the Plaintiff, TADE BUA-BELL, was and is a resident of Collier County, Florida, and is *sui juris*.

4.     On December 20, 2018, the Defendant, WATERSIDE SHOPS, LLC., owned/operated/ and/or controlled an upscale shopping venue located 5415 Tamiami Trail N, Naples, FL 34108 where the Plaintiff was upon the premises at all material times, as an invitee.

5.     All events pled in this Complaint occurred in Collier County Florida, and Collier County is the proper venue.

6.     On or about December 20, 2018, the Plaintiff was lawfully upon the Defendants' premises, as in invitee when she was caused to fall due to the unreasonably slick tile flooring and unlevel drop-off where the tile meets the concrete floor which was inadequately lit that the Defendants' knew or should have known about and that a reasonable person would likely result in injury or harm to another person.

7.     As a direct and proximate result TADE BUA-BELL suffered severe injuries and will continue to suffer those injuries into the future.

## COUNT I- NEGLIGENCE WATERSIDE SHOPS, LLC.,

The Plaintiff, TADE BUA-BELL, realleges and reavers the allegations contained above and further states:

8.     On December 20, 2018, the Plaintiff was lawfully upon the Defendant's premises, as an invitee.

9.     The Defendant owed to the Plaintiff a nondelegable duty of to use ordinary care and diligence to operate and maintain the premises in a manner that was reasonably safe, for those persons lawfully upon its premises, to exercise reasonable care to keep the premises free of foreseeable hazards, and to warn invitees of foreseeable or known

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

hazards or dangerous conditions on the premises, that it either knew of, or should have known of with the exercise of reasonable care.

10.     The Defendant breached this duty to the plaintiff by the following acts of negligence, to wit:

 a. Failing to provide a reasonably safe premises;

 b. Failing to maintain the flooring in a reasonably safe condition;

 c. Failing warn of the dangers which it knew or should have known;

 d. Failing to provide safe ingress and egress from the shops and property

 e. Failing to perform adequate maintenance of the flooring;

 f. Failing to perform adequate inspections of the flooring;

 g. Failing to properly train and supervise employees in the inspection and maintenance and operation of the property;

 h. Failing to adequately manage the property;

 i. Failing to remove hidden dangers or to warn of potential hidden dangers;

 j. Creating the dangerous condition;

 k. Failing to implement appropriate modes of business operation designed to prevent, discover, and or ameliorate said dangerous conditions;

 l. Failure to implement, promulgate, adequate policies and procedures and rules and regulations;

 m. Failing to employ sufficient amounts of trained personnel;

 n. Failing to provide adequate lighting in the area

 o. Failing to remedy the slippery tile after being on notice of its slippery nature and other similar incidents

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

p.    Other acts of negligence, as may be discovered, during discovery.

8.  As a direct and proximate result of the Defendants' above-mentioned negligence, the Plaintiff was caused to suddenly slip, awkwardly twist her foot, and to fall down hard to the ground in pain due to the unreasonably slick tile flooring and unlevel drop-off where the tile meets the concrete floor in an inadequately lit area of ingress and egress, and thereby sustained a left Lisfranc fracture which required two invasive surgeries, suffered pain therefrom, suffered physical impairment and/or disability, damage, and suffered mental anguish, loss of capacity for the enjoyment of life, the cost of hospitalization and medical treatment in the past, and in the future, pain and suffering, aggravation of pre-existing conditions, inconvenience, and permanent scarring, and/or disfigurement.  These loses are permanent, and continuing in nature, and the Plaintiff will continue to suffer these loses into the future.

WHEREFORE, the Plaintiff, TADE BUA-BELL, demands judgment for damages against the Defendant, WATERSIDE SHOPS, LLC, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), attorney's fees if and to the extent permitted by law, prejudgment and post judgment interest to the extent permitted by law, and all costs allowed by law.

## DEMAND FOR JURY TRIAL

DEMAND is hereby made for trial by jury of all issues so triable, as a matter of right.

## CERTIFICATE OF SERVICE

DATED this 7th day of July, 2020.

Alexander J. Perkins, Esquire
**PERKINS LAW OFFICES, P.A.**

PERKINS LAW OFFICES | 14 NE 1st Ave. Suite 814 | Miami, FL 33132

Attorney for Plaintiff
14 NE 1st Avenue., Suite 814
Miami, Florida 33132
Phone: (305) 741-5297
Fax: (855) 740-5297
Pleadings only: perkins@perkinslawoffices.com
efilings@perkinslawoffices.com
By: /s/ *Alexander J. Perkins*
Florida Bar Number: 0529877

## Patient Financial History

For the Posting Date December 20, 2018 through February 28, 2020

TADE, BELL (10277)

Learn more about this report

| ClaimID | Post Date | Service Date | Dr#/Voucher | Procedure | Description | Diagnosis | Units | Amount |
|---|---|---|---|---|---|---|---|---|
| 230958 | 12/20/2018 | 12/10/2018 | 2 | 99214 | OFFICE OUTPATIENT VISIT 25 MINUTES | S00.93XA | 1.00 | 115.00 |
| 230958 | 12/20/2018 | | | | 3 - Credit Card Payment Patient | | | 35.00 |
| 231824 | 01/08/2019 | 12/21/2018 | 2 | 99215 | OFFICE OUTPATIENT VISIT 40 MINUTES | M79.672 | 1.00 | 165.00 |
| 231824 | 01/08/2019 | | 0000104594 | | 3 - Credit Card Payment Patient | | | 35.00 |
| 230953 | 01/18/2019 | | | | 1 - Check Payment Ins #5061 | | | 74.29 |
| 230953 | 01/18/2019 | | | | Insurance Contractual Obligation | | | 5.71 |
| 231824 | 01/29/2019 | | 0000104647 | | 1 - Check Payment Ins #5061 | | | 120.00 |
| 248793 | 06/21/2019 | 04/25/2019 | 2 | 99215 | OFFICE OUTPATIENT VISIT 40 MINUTES | E11.9 | 1.00 | 155.00 |
| 250123 | 06/23/2019 | 05/20/2019 | 2 | 99214 | OFFICE OUTPATIENT VISIT 25 MINUTES | J01.90 | 1.00 | 115.00 |
| 250124 | 06/23/2019 | 05/20/2019 | 2 | J3420 | Vitamin b12 injection | D518 | 1.00 | 15.00 |
| 250125 | 06/23/2019 | 05/20/2019 | 2 | 96372 | THERAPEUTIC PROPHYLACTIC/DX INJECTION S | D51.8 | 1.00 | 30.00 |
| 250124 | 06/23/2019 | | | | 3 - Credit Card Payment Patient | | | 15.00 |
| 250125 | 06/23/2019 | | | | 1 - Check Payment Ins #5061 | | | 20.00 |
| 248793 | 07/16/2019 | | | | 1 - Check Payment Ins #5061 | | | 135.00 |
| 250123 | 07/22/2019 | | 0000105479 | | 1 - Check Payment Ins #5061 | | | 109.29 |
| 250123 | 07/22/2019 | | | | Insurance Contractual Obligation | | | 5.71 |
| 250125 | 09/05/2019 | | | | 3 - Credit Card Payment Patient | | | 10.00 |
| 250125 | 09/05/2019 | | | | (Unapplied) 3 - Credit Card Payment Patient | | | 25.00 |
| 256931 | 09/09/2019 | 2 | | 99215 | OFFICE OUTPATIENT VISIT 40 MINUTES | E11.9 | 1.00 | 155.00 |
| 257837 | 09/16/2019 | 09/05/2019 | 2 | 93000 | ECG ROUTINE ECG W/LEAST 12 LDS W&R | E78.2 | 1.00 | 20.00 |
| 256931 | 09/30/2019 | | 0000105834 | | 1 - Check Payment Ins #5061 | | | 155.00 |
| | 10/01/2019 | | | | 1 - Check Payment Ins #5061 | | | 155.00 |
| | | | | | (Unapplied) 3 - Credit Card Payment Patient | | | 35.00 |
| 258604 | 10/02/2019 | 10/01/2019 | 2 | 90674 | CCIIV4 VACCINE PRESERVATIVE FREE 0.5 ML I | Z23 | 1.00 | 20.00 |
| 258605 | 10/02/2019 | 10/01/2019 | 2 | 90471 | IM ADM PRC1 ID SUBQ/IM NJXS 1 VACCINE | Z23 | 1.00 | 30.00 |
| 258606 | 10/02/2019 | 10/01/2019 | 2 | 76536 | US SOFT TISSUE HEAD & NECK REAL TIME IMG | E04.0 | 1.00 | 125.00 |
| 258607 | 10/02/2019 | 10/01/2019 | 2 | 76770 | US RETROPERITONEAL REAL TIME W/IMAGE C | R10.9 | 1.00 | 125.00 |
| 257837 | 10/08/2019 | | 0000105896 | | 1 - Check Payment Ins #5061 | | - | 20.00 |
| 258604 | 10/28/2019 | | 106006 | | 1 - Check Payment Ins #5061 | | - | 12.00 |

PCN: 30014202007071000416 DCN: 30014202007071000416001 Received Date/Time: 7/7/2020 1:25:32 PM Page 9 of 21

2/28/2020 11:27 AM

## Patient Financial History

For the Posting Date December 20, 2018 through February 28, 2020

TADE BELL (10277)

Learn more about this report

| ClaimID | Post Date | Service Date | Dr#/Voucher | Procedure | Description | Diagnosis | Units | Amount |
|---------|-----------|--------------|-------------|-----------|-------------|-----------|-------|--------|
| 256905 | 10/28/2019 | | 106006 | | 1 - Check Payment Ins #5061 | | - | 24.53 |
| 256906 | 10/28/2019 | | 106006 | | 1 - Check Payment Ins #5061 | | - | 76.88 |
| 256907 | 10/28/2019 | | 106006 | | 1 - Check Payment Ins #5061 | | - | 106.58 |
| 256904 | 10/28/2019 | | | | Insurance Contractual Obligation | | - | 8.00 |
| 256905 | 10/28/2019 | | | | Insurance Contractual Obligation | | - | 5.47 |
| 256906 | 10/28/2019 | | | | Insurance Contractual Obligation | | - | 48.12 |
| 256907 | 10/28/2019 | | | | Insurance Contractual Obligation | | - | 18.42 |

| | | |
|---|---|---|
| TOTAL CHARGES | | 1,060.00 |
| TOTAL ADJUSTMENTS | | 91.43 |
| TOTAL PAYMENTS | | 1,028.57 |
| PATIENT BALANCE | | (60.00) |
| INSURANCE BALANCE | | - |
| TOTAL BALANCE | | (60.00) |

2 of 2

Statement #: 914698733

| Account #: | Amount Due: | Amount Paid: | | | |
|---|---|---|---|---|---|
| 1174272 | 0.00 | | ☐ Check ☐ Discover ☐ Visa ☐ Master Card | | |
| Statement Date: | Date Due: | Credit Card Number: | | | Exp. Date: |
| 07-01-2020 | 07-01-2021 | | | | |
| Online Access Code: | | Signature: | | | |
| 7787293312 | | X | | | |

Please visit our website:
http://www.nchmd.org/billpay

Make Checks Payable and Mail to:

MRS TADE E BELL

NCH HEALTHCARE SYSTEM
Lockbox Process Center
P. O. Box 271367
Salt Lake City, UT  841271367

Please detach and return this portion with your payment.
Please indicate any name and/or address changes on this form.

| For questions or billing dispute please call 239 624-6400 or 800 436-8454 | Account #: 1174272 | Statement #: 914698733 |
|---|---|---|

| Provider of Service | Date of Service | Service Provided/ Account Activity | Charges, Payments, Adjustments | Insurance Pending | Patient Balance | *R |
|---|---|---|---|---|---|---|
| Patient Name: MRS TADE E BELL | | | | | | |
| Date of Service: 01-15-2019 Financial#: 10001626647 North Collier Hospital | | | | | | |
| | 01-15-2019 | ANESTHESIA MEDICATION SET | 1500.00 | 1500.00 | | |
| | 01-15-2019 | famotidine 20 mg Inj | 6.84 | 6.84 | | |
| | 01-15-2019 | scopolamine 1.5 mg Patch | 154.61 | 154.61 | | |
| | 01-15-2019 | DRILL BIT LISFRANC 2.6MM 43512600 | 627.00 | 627.00 | | |
| | 01-15-2019 | KIT ANESTHESIA SUPPLY | 240.00 | 240.00 | | |
| | 01-15-2019 | SCREW CANCELLOUS 4.0 X 35MM, 206.035 | 112.00 | 112.00 | | |
| | 01-15-2019 | SCREW LISFRANC 3.7 X 36MM  43503736 | 1962.00 | 1962.00 | | |
| | 01-15-2019 | TROCAR WIRE SINGLE 1.6MM X 150MM  4411-2008 | 190.00 | 190.00 | | |
| | 01-15-2019 | BASIC METABOLIC PANEL | 262.00 | 262.00 | | |
| | 01-15-2019 | GLUCOMETER (GLUCOSE BLOOD STICK) | 43.00 | 43.00 | | |
| | 01-15-2019 | CBC W/ PLATELET | 119.00 | 119.00 | | |
| | 01-15-2019 | Radiologic examination, foot; complete, minimum of 3 views | 1058.00 | 1058.00 | | |
| | 01-15-2019 | Level 2 Addl 30 Minutes | 13808.00 | 13808.00 | | |
| | 01-15-2019 | ANES 1 HOUR | 3996.00 | 3996.00 | | |
| | 01-15-2019 | acetaminophen 1000 mg/100 mL Inj | 291.01 | 291.01 | | |

*R - Description of Remarks

Page 1 of 2

From: Rebeca Hernandez     Fax: 18557405297        · To: 8668091178@rcfax.com        Fax: (866) 809-1178        ·· Page: 12 of 21        07/07/2020 1:13 PM

Case 2:20-cv-00837-JES-NPM   Document 1   Filed 10/21/20   Page 114 of 127 PageID 114

Statement #:

| Provider of Service | Date of Service | Service Provided/ Account Activity | Charges, Payments, Adjustments | Insurance Pending | Patient Balance | *R |
|---|---|---|---|---|---|---|
| | 01-15-2019 | cefAZOLIN 2000 mg/20 mL Syringe | 161.23 | 161.23 | | |
| | 01-15-2019 | dexamethasone 4 mg/mL Inj | 8.35 | 8.35 | | |
| | 01-15-2019 | midazolam 2 mg/2 mL PF Inj | 4.09 | 4.09 | | |
| | 01-15-2019 | ondansetron 4 mg/2 mL Inj | 163.96 | 163.96 | | |
| | 01-15-2019 | promethazine 25 mg/mL Inj | 14.46 | 14.46 | | |
| | 01-15-2019 | PACU 1 HOUR | 3507.00 | 3507.00 | | |
| | 01-15-2019 | EKG 12L TRACING ONLY 3150018 | 340.00 | 340.00 | | |
| | 01-15-2019 | Patient payment - Thank you! | -5194.44 | | -5194.44 | |
| | 02-01-2019 | Third Party Payment | -19194.49 | -19194.49 | | |
| | 02-14-2019 | Refund Payment | 105.66 | 105.66 | | |
| | 02-01-2019 | Contractual Allowance Adjustment | -4285.28 | -4285.28 | | |
| | | Visit Total: | 0.00 | 0.00 | 0.00 | |
| | | | | | | 1 |
| | | Unpaid Balance: | | 0.00 | 0.00 | |

Total patient payments and or co-payments applied since last statement: $-5194.44

*R - Description of Remarks

1 - Letter 1 Commercial

Page 2 of 2

CERNER DCM STMT2.1

From: Rebeca Hernandez    Fax: 18557405297    ' To: 8668091178@rcfax.com    Fax: (866) 809-1178    '' Page: 13 of 21    07/07/2020 1:13 PM

Case 2:20-cv-00837-JES-NPM   Document 1   Filed 10/21/20   Page 115 of 127 PageID 115

Statement #: 914698734

| Account #: | Amount Due: | Amount Paid: | |
|---|---|---|---|
| 1174272 | 0.00 | | ☐ Check  ☐ Discover  ☐ Visa  ☐ Master Card |
| Statement Date: | Date Due: | Credit Card Number: | Exp. Date: |
| 07-01-2020 | 07-31-2020 | | |
| | | Signature: | |
| | | X _____ | |

Please visit our website:
http://www.nchmd.org/billpay

Make Checks Payable and Mail to:

MRS TADE E BELL

NCH HEALTHCARE SYSTEM
Lockbox Process Center
P. O. Box 271367
Salt Lake City, UT  841271367

Please detach and return this portion with your payment.
Please indicate any name and/or address changes on this form.

| For questions or billing dispute please call 239 624-6400 or 800 436-8454 | Account #: 1174272 | Statement #: 914698734 |
|---|---|---|

| Provider of Service | Date of Service | Service Provided/ Account Activity | Charges, Payments, Adjustments | Insurance Pending | Patient Balance | *R |
|---|---|---|---|---|---|---|
| Patient Name: MRS TADE E BELL | | | | | | |
| Date of Service: 3-2019    Financial#: 10001697141-1 NCH Healthcare Creekside | | | | | | |
| | | Visit Total: | 0.00 | 0.00 | 0.00 | |
| | | Unpaid Balance: | | 0.00 | 0.00 | |

Total patient payments and or co-payments applied since last statement: $ 0.00

*R – Description of Remarks

CERNER DCN STMT1-1

PCN: 30014202007071000416 DCN: 30014202007071000416001 Received Date/Time: 7/7/2020 1:25:32 PM Page 13 of 21

Statement #: 914698735

| Account #: | Amount Due: | Amount Paid: | | | | |
|---|---|---|---|---|---|---|
| 1174272 | 0.00 | | ☐Check | ☐Discover | ☐Visa | ☐Master Card |
| Statement Date: | Date Due: | Credit Card Number: | | | | Exp. Date: |
| 07-01-2020 | 07-01-2021 | | | | | |
| Online Access Code: | | Signature: | | | | |
| 7787293312 | | X | | | | |

Please visit our website:
http://www.nchmd.org/billpay

Make Checks Payable and Mail to:

MRS TADE E BELL

NCH HEALTHCARE SYSTEM
Lockbox Process Center
P. O. Box 271367
Salt Lake City, UT  841271367

**Please detach and return this portion with your payment.**
**Please indicate any name and/or address changes on this form.**

| For questions or billing dispute please call 239 624-6400 or 800 436-8454 | Account #: 1174272 | Statement #: 914698735 |
|---|---|---|

| Provider of Service | Date of Service | Service Provided/ Account Activity | Charges, Payments, Adjustments | Insurance Pending | Patient Balance | *R |
|---|---|---|---|---|---|---|
| **Patient Name: MRS TADE E BELL** | | | | | | |
| Date of Service: 4-2019 NCH Healthcare Creekside | | Financial#: 10001697141-2 | | | | |
| | 04-05-2019 | PT evaluation: moderate complexity | 460.00 | 460.00 | | |
| | 04-15-2019 | PT MYFSCL RLS SFT TSSU 15 MIN | 179.00 | 179.00 | | |
| | 04-15-2019 | PT THERAPEUTIC PROCEDURE 15 MN | 348.00 | 348.00 | | |
| | 04-18-2019 | PT MYFSCL RLS SFT TSSU 15 MIN | 179.00 | 179.00 | | |
| | 04-18-2019 | PT THERAPEUTIC PROCEDURE 15 MN | 348.00 | 348.00 | | |
| | 05-17-2019 | Third Party Payment | | | | |
| | 08-30-2019 | Third Party Payment | -1286.90 | -1286.90 | | |
| | 08-30-2019 | Contractual Allowance Adjustment | -227.10 | -227.10 | | |
| | | **Visit Total:** | 0.00 | 0.00 | 0.00 | |
| | | | | | | 1 |
| | | **Unpaid Balance:** | | 0.00 | 0.00 | |

Total patient payments and or co-payments applied since last statement: $ 0.00

*R – Description of Remarks

1 - Letter 1 Commercial

Page 1 of 1

CERNER OCM STMT1.1

From: Rebeca Hernandez    Fax: 18557405297    ·   To: 8668091178@rcfax.com    Fax: (866) 809-1178    ··Page: 15 of 21    07/07/2020 1:13 PM

Case 2:20-cv-00837-JES-NPM    Document 1    Filed 10/21/20    Page 117 of 127 PageID 117

Statement #: 914698736

| Account #: | Amount Due: | Amount Paid: | | |
|---|---|---|---|---|
| 1174272 | 0.00 | | ☐ Check  ☐ Discover  ☐ Visa | ☐ Master Card |
| **Statement Date:** | **Date Due:** | Credit Card Number: | | Exp. Date: |
| 07-01-2020 | 07-01-2021 | | | |
| **Online Access Code:** | | Signature: | | |
| 7787293312 | | X | | |

Please visit our website:
http://www.nchmd.org/billpay

Make Checks Payable and Mail to:

MRS TADE E BELL

NCH HEALTHCARE SYSTEM
Lockbox Process Center
P. O. Box 271367
Salt Lake City, UT  841271367

**Please detach and return this portion with your payment.**
**Please indicate any name and/or address changes on this form.**

| For questions or billing dispute please call 239 624-6400 or 800 436-8454 | Account #: 1174272 | Statement #: 914698736 |
|---|---|---|

| Provider of Service | Date of Service | Service Provided/ Account Activity | Charges, Payments, Adjustments | Insurance Pending | Patient Balance | *R |
|---|---|---|---|---|---|---|
| **Patient Name: MRS TADE E BELL** | | | | | | |
| **Date of Service: 05-07-2019** | | **Financial#: 10001728301** | | | | |
| **North Collier Hospital** | | | | | | |
| | 05-06-2019 | CBC W/ PLATELET | 119.00 | 119.00 | | |
| | 05-07-2019 | ANESTHESIA MEDICATION SET | 1500.00 | 1500.00 | | |
| | 05-07-2019 | famotidine 20 mg Inj | 6.84 | 6.84 | | |
| | 05-07-2019 | gabapentin 100 mg Cap | 3.24 | 3.24 | | |
| | 05-07-2019 | ketamine 50 mg/5 mL PFS | 45.38 | 45.38 | | |
| | 05-07-2019 | KIT ANESTHESIA SUPPLY | 240.00 | 240.00 | | |
| | 05-07-2019 | LEVEL 1-SURG. PATH. GROSS EXAM ONLY | 193.00 | 193.00 | | |
| | 05-07-2019 | Level 1 Initial Hour | 7823.00 | 7823.00 | | |
| | 05-07-2019 | ANES 1 HOUR | 2206.00 | 2206.00 | | |
| | 05-07-2019 | cefAZOLIN 2000 mg/20 mL Syringe | 161.23 | 161.23 | | |
| | 05-07-2019 | dexamethasone 4 mg/mL Inj | 8.35 | 8.35 | | |
| | 05-07-2019 | midazolam 2 mg/2 mL PF Inj | 4.09 | 4.09 | | |
| | 05-07-2019 | ondansetron 4 mg/2 mL Inj | 163.96 | 163.96 | | |
| | 05-07-2019 | promethazine 25 mg/mL Inj | 14.46 | 14.46 | | |
| | 05-07-2019 | PACU 1 HOUR | 3507.00 | 3507.00 | | |
| | 05-24-2019 | Third Party Payment | -13596.22 | -13596.22 | | |
| | 06-07-2019 | Third Party Payment | | | | |
| | 05-24-2019 | Contractual Allowance Adjustment | -2399.33 | -2399.33 | | |
| | | **Visit Total:** | -0.00 | 0.00 | -0.00 | |

*R – Description of Remarks

CERNER DCH STMT 1.1

Page 1 of 2

```
        NCHMD INC                          *************************
        PO BOX 741031                      ** RECEIPT **
                                           *************************
        ATLANTA GA 30374-1031
        NCHMD INC                          TADE E BELL
        TELEPHONE #: (239) 624-0400
        33-1075317
        ACCOUNT #:   220691
```

| DATE OF SERVICE | PATIENT NAME | CPT-4 CODE ICD-9 CODE | TRANSACTION DESCRIPTION PHYSICIAN | AMOUNT |
|---|---|---|---|---|
| 01/10/19 | TADE | 99203 S93.325A | OFFIC/OUTPT VISIT E&M NEW AMY WHITE            AWH | 211.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 129.41- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 81.59- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/10/19 | TADE | 73630 S93.325A | RAD EXAM FT; COMPLT MINI NCH OFFICE XRAY NORT XRN | 69.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 40.05- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/10/19 | TADE | 73600 S93.325A | RAD EXAM ANKLE 2 VIEW NCH OFFICE XRAY NORT XRN | 56.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 37.08- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 18.92- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/14/19 | TADE | 99213 S93.325A | OFFIC/OUTPT VISIT E&M EST RICHARD DE ASLA      RDE | 139.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 69.62- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 69.38- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/15/19 | TADE | 28615-LT S93.325A | OPEN TX TARSOMETAT JT DIS RICHARD DE ASLA      RDE | 1961.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 887.84- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 1073.16- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/15/19 | TADE | 20600-RT M20.21 | ARTHROCENTESIS/ASPIR/INJ; RICHARD DE ASLA      RDE | 79.00BA |
| 02/25/19 | | | MANAGED CARE PAYMENT | 27.98- |
| 02/25/19 | | | MANAGED CARE ADJUSTMENT | 51.02- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/15/19 | TADE | 93010 Z01.810 | ECG-ROUTINE W/12 LEADS; I HERMAN SPILKER       SPI | 60.00BA |
| 03/21/19 | | | ELECTRONIC PAY LOCKBOX | 12.18- |
| 03/21/19 | | | ELECTRONIC ADJ IN LOCKBOX | 47.82- |
| | | | PLEASE SEE NEXT PAGE | |

                                                            PAGE    1

```
NCHMD INC                          *************************
PO BOX 741031                      ** RECEIPT **
                                   *************************
ATLANTA GA 30374-1031
NCHMD INC                          TADE E BELL
TELEPHONE #: (239) 624-0400
33-1075317
ACCOUNT #:   220691
```

| DATE OF SERVICE | PATIENT NAME | CPT-4 CODE / ICD-9 CODE | TRANSACTION DESCRIPTION / PHYSICIAN | AMOUNT |
|---|---|---|---|---|
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/23/19 | TADE | 99024 / M20.21 | POST OPERATIVE F/U VISIT / RICHARD DE ASLA        RDE | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/23/19 | TADE | 73630 / M20.21 | RAD EXAM FT; COMPLT MINI / NCH OFFICE XRAY NORT XRN | 69.00BA |
| 03/01/19 | | | ELECTRONIC PAY LOCKBOX | 40.05- |
| 03/01/19 | | | ELECTRONIC ADJ IN LOCKBOX | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/30/19 | TADE | 99024 / M20.21 | POST OPERATIVE F/U VISIT / AMY WHITE            AWH | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 01/30/19 | TADE | Q4038 / M20.21 | CAST SUPPLIES SHORT LEG / AMY WHITE            AWH | 90.00BA |
| 09/20/19 | | | ELECTRONIC PAY LOCKBOX | 90.00- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 02/27/19 | TADE | 99024 / Z01.810 | POST OPERATIVE F/U VISIT / RICHARD DE ASLA        RDE | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 02/27/19 | TADE | 73630-LT / M79.672 | RAD EXAM FT; COMPLT MINI / NCH OFFICE XRAY NORT XRN | 69.00BA |
| 03/29/19 | | | ELECTRONIC PAY LOCKBOX | 40.05- |
| 03/29/19 | | | ELECTRONIC ADJ IN LOCKBOX | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 03/27/19 | TADE | 99024 / M79.672 | POST OPERATIVE F/U VISIT / RICHARD DE ASLA        RDE | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 03/27/19 | TADE | 73630-LT / M79.672 | RAD EXAM FT; COMPLT MINI / NCH OFFICE XRAY NORT XRN | 69.00BA |
| 04/25/19 | | | ELECTRONIC PAY LOCKBOX | 40.05- |
| 04/25/19 | | | ELECTRONIC ADJ IN LOCKBOX | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |

PLEASE SEE NEXT PAGE

PAGE    2

```
NCHMD INC                        *************************
PO BOX 741031                    ** RECEIPT **
                                 *************************
ATLANTA GA 30374-1031
NCHMD INC                        TADE E BELL
TELEPHONE #: (239) 624-0400
33-1075317
ACCOUNT #:   220691
```

| DATE OF SERVICE | PATIENT NAME | CPT-4 CODE ICD-9 CODE | TRANSACTION DESCRIPTION PHYSICIAN | AMOUNT |
|---|---|---|---|---|
| 05/01/19 | TADE | 99213 S93.326A | OFFIC/OUTPT VISIT E&M EST RICHARD DE ASLA      RDE | 139.00BA |
| 06/14/19 | | | ELECTRONIC PAY LOCKBOX | 69.62- |
| 06/14/19 | | | ELECTRONIC ADJ IN LOCKBOX | 69.38- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 05/01/19 | TADE | 73630-LT S93.326A | RAD EXAM FT; COMPLT MINI NCH OFFICE XRAY NORT XRN | 69.00BA |
| 06/14/19 | | | ELECTRONIC PAY LOCKBOX | 40.05- |
| 06/14/19 | | | ELECTRONIC ADJ IN LOCKBOX | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 05/07/19 | TADE | 20680 T84.84XA | REMOV IMPLNT; DEEP RICHARD DE ASLA      RDE | 1220.00BA |
| 06/14/19 | | | ELECTRONIC PAY LOCKBOX | 386.42- |
| 06/14/19 | | | ELECTRONIC ADJ IN LOCKBOX | 833.58- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 05/13/19 | TADE | 99024 S93.326A | POST OPERATIVE F/U VISIT RICHARD DE ASLA      RDE | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 06/03/19 | TADE | 99024 T84.84XA | POST OPERATIVE F/U VISIT RICHARD DE ASLA      RDE | .00BA |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 12/17/19 | TADE | 99213 M12.572 | OFFIC/OUTPT VISIT E&M EST RICHARD DE ASLA      RDE | 139.00BA |
| 01/27/20 | | | ELECTRONIC PAY LOCKBOX | 69.62- |
| 01/27/20 | | | ELECTRONIC ADJ IN LOCKBOX | 69.38- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 12/17/19 | TADE | 73630-LT M12.572 | RAD EXAM FT; COMPLT MINI NCH OFFICE XRAY NORT XRN | 69.00BA |
| 01/27/20 | | | ELECTRONIC PAY LOCKBOX | 40.05- |
| 01/27/20 | | | ELECTRONIC ADJ IN LOCKBOX | 28.95- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 12/26/19 | TADE | 99213 M12.572 | OFFIC/OUTPT VISIT E&M EST RICHARD DE ASLA      RDE | 139.00BA |
| 02/07/20 | | | ELECTRONIC PAY LOCKBOX | 69.62- |
| | | | PLEASE SEE NEXT PAGE | |

```
NCHMD INC                          *************************
PO BOX 741031                      ** RECEIPT **
                                   *************************
ATLANTA GA 30374-1031
NCHMD INC                          TADE E BELL
TELEPHONE #: (239) 624-0400
33-1075317
ACCOUNT #:   220691
```

| DATE OF SERVICE | PATIENT NAME | CPT-4 CODE ICD-9 CODE | TRANSACTION DESCRIPTION PHYSICIAN | AMOUNT |
|---|---|---|---|---|
| 02/07/20 | | | ELECTRONIC ADJ IN LOCKBOX | 69.38- |
| | | | ***AMOUNT DUE THIS CHARGE*** | .00 |
| 05/13/19 | TADE | 73630 | RAD EXAM FT; COMPLT MINI | 69.00BA |
| | | S93.326A | NCH OFFICE XRAY NORT XRN | |
| | | | ***AMOUNT DUE THIS CHARGE*** | 69.00 |
| 01/27/20 | | | ELECTRONIC PAY LOCKBOX | .00 |
| | | | ***AMOUNT DUE THIS CHARGE*** | 69.00 |

| PREVIOUS ACCOUNT BALANCE | TODAY'S CHARGES | TODAY'S PAYMENTS | TODAY'S ADJUST | NEW ACCOUNT BALANCE | OUTSTANDING INSURANCE BALANCE | OUTSTANDING PATIENT BALANCE |
|---|---|---|---|---|---|---|
| 69.00 | .00 | .00 | .00 | 69.00 | 69.00 | .00 |

PAGE   4

**ProScan Imaging Naples**
PO Box 634102
Cincinnati, OH  45263-4102
(866) 459-2525

**Patient Receipt**
Tuesday, March 31, 2020

| Amount Due | Amount Paid |
|---|---|
| $940.78 | $940.78 |

Tade E Bell

Employer ID  562375633
Provider ID

| Date | Description | Check # | Fee | Units | Insurance | Patient |
|---|---|---|---|---|---|---|
| | **Tade E Bell(326559)/Gilbert Hawkins Maulsby MD/NAB047683** | | | | | |
| | Displaced fracture of second metatarsal bone, left foot, initial encounter for closed fracture (S92.322A) | | | | | |
| | Displaced fracture of third metatarsal bone, left foot, initial encounter for closed fracture (S92.332A) | | | | | |
| | Displaced fracture of fourth metatarsal bone, left foot, initial encounter for closed fracture (S92.342A) | | | | | |
| 12/21/2018 | Magnetic resonance (eg, proton) imaging, lower extremity other than joint; without contrast material(s) (73718 LT) | $2,000.00 | | 1.0 | $2,000.00 | $0.00 |
| 01/23/2019 | Contractual Adjustment from First Health Network | no check | | | -$1,529.61 | $0.00 |
| 01/23/2019 | Payment from First Health Network | no check | | | $0.00 | $0.00 |
| 01/23/2019 | Transfer from Insurance | no check | | | -$470.39 | $470.39 |
| | Per your insurance, a portion of this visit has been applied to your deductible. | | | | | |
| 05/31/2019 | Bad-debt Adjustment from ETurn | | | | $0.00 | -$470.39 |
| 06/30/2019 | Payment from Tade Bell | 1440 | | | $0.00 | -$470.39 |
| 07/02/2019 | Bad-debt Recovery Adjustment from EPmtAdj Bad-debt Recovery | | | | $0.00 | $470.39 |
| | **Balance:** | | | | $0.00 | $0.00 |
| | **Tade E Bell(326559)/Gilbert Hawkins Maulsby MD/NAB047685** | | | | | |
| | Sprain of other ligament of left ankle, initial encounter (S93.492A) | | | | | |
| 12/21/2018 | Magnetic resonance (eg, proton) imaging, any joint of lower extremity; without contrast material (73721 LT) | $2,000.00 | | 1.0 | $2,000.00 | $0.00 |
| 01/23/2019 | Contractual Adjustment from First Health Network | no check | | | -$1,529.61 | $0.00 |
| 01/23/2019 | Payment from First Health Network | no check | | | $0.00 | $0.00 |
| 01/23/2019 | Transfer from Insurance | no check | | | -$470.39 | $470.39 |
| | Per your insurance, a portion of this visit has been applied to your deductible. | | | | | |
| 05/31/2019 | Bad-debt Adjustment from ETurn | | | | $0.00 | -$470.39 |
| 06/30/2019 | Payment from Tade Bell | 1440 | | | $0.00 | -$470.39 |
| 07/02/2019 | Bad-debt Recovery Adjustment from EPmtAdj Bad-debt Recovery | | | | $0.00 | $470.39 |
| | **Balance:** | | | | $0.00 | $0.00 |
| | **Tade E Bell(326559)/Gilbert Hawkins Maulsby MD/NAX061643** | | | | | |
| | Encounter for screening mammogram for malignant neoplasm of breast (Z12.31) | | | | | |
| | Strain of unspecified muscle and tendon at ankle and foot level, left foot, initial encounter (S96.912A) | | | | | |
| | Primary osteoarthritis, left ankle and foot (M19.072) | | | | | |
| | Localized edema (R60.0) | | | | | |
| | Anterior tibial syndrome, left leg (M76.812) | | | | | |

| Total Balance | Ins. Balance | Pat. Balance |
|---|---|---|
| $0.00 | $0.00 | $0.00 |

ProScan Imaging Naples * 1020 Crosspointe Dr Suite 103 * Naples, FL  34110-0918 * (239) 598-0035

| Date | Description | | | | |
|------|-------------|---|---|---|---|
| 12/20/2019 | Magnetic resonance (eg, proton) imaging, lower extremity other than joint; without contrast material(s) (73718 LT) | $2,000.00 | 1.0 | $2,000.00 | $0.00 |
| 03/16/2020 | Contractual Adjustment from One Call Care Management Commercial | | | -$1,725.00 | $0.00 |
| 03/16/2020 | Payment from One Call Care Management Commercial | | | -$275.00 | $0.00 |
| | **Balance:** | | | **$0.00** | **$0.00** |

| Total Balance | Ins. Balance | Pat. Balance |
|---------------|--------------|--------------|
| **$0.00** | **$0.00** | **$0.00** |

ProScan Imaging Naples * 1020 Crosspointe Dr Suite 103 * Naples, FL  34110-0918 * (239) 598-0035



EnerQi Point LLC

## EnerQi Point LLC

201 8th St S Ste 307
Naples, FL 34102
(239)-719-0550

EIN #: 82-2443578
NPI #: 1972071413

Patient:
**Name:** Tade Bua-Bell

Mrs. Bua-Bell is a 51 year old woman who came to the clinic after an accident on December 20, 2018, which left her with a broken left foot and unresolved foot pain.  Upon inspection, limited range of motion of the ankle and foot were obtained and the physical appearance of the foot showed bruising and swelling.

When the patient first started treatment she was experiencing pain that varied from a 8-10 on a 0-10 pain scale.  Pain was described as a constant deep, aching pain.

Treatments include acupuncture, electro-stim acupuncture, acupuncture injection therapy, and manual therapy to restore range of motion, restore function, reduce pain, and eliminate the use of pain medication.

Continued treatment is strongly recommended for maintenance.

| Date of Service | Provider | License | Treatment | Fee |
|---|---|---|---|---|
| 1/11/19 | Ham, Noelle | AP3801 | Acupuncture | 150.00 |
| 1/11/19 | Ham, Noelle | AP3801 | Injection | 45.00 |
| 1/14/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/25/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/29/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/1/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |

| 2/5/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/5/19 | Ham, Noelle | AP3801 | Injection | 45.00 |
| 2/8/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/12/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/20/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/27/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/27/19 | Ham, Noelle | AP3801 | Injection | 45.00 |
| 3/1/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/4/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/6/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/11/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/13/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/18/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/21/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/25/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/27/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |

| Date of Service | Provider | License | Treatment | Fee |
| --- | --- | --- | --- | --- |
| 4/2/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/4/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/4/19 | Ham, Noelle | AP3801 | Injection | 45.00 |
| 4/16/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/18/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/23/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/26/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 4/29/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |

| 5/1/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/6/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/16/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/21/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/21/19 | Ham, Noelle | AP3801 | Injection | 45.00 |
| 5/28/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 6/11/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 6/18/19 | Harn, Noelle | AP3801 | Acupuncture | 100.00 |
| 6/25/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 7/2/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 7/12/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 7/16/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 7/22/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 7/31/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |

| Date of Service | Provider | License | Treatment | Fee |
| --- | --- | --- | --- | --- |
| 8/7/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 8/12/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 8/19/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 8/26/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 9/3/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 9/9/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 9/16/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 9/23/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 10/2/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 10/14/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |

| 10/10/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 10/21/19 | Harn, Noelle | AP3801 | Acupuncture | 100.00 |
| 10/28/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 11/5/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 11/14/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 11/26/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 12/5/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 12/10/19 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/3/20 | Harn, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/10/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/28/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 1/31/20 | Ham. Noelle | AP3801 | Acupuncture | 100.00 |
| 2/4/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 2/25/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/3/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/10/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/19/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 3/20/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/4/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/11/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
| 5/18/20 | Ham, Noelle | AP3801 | Acupuncture | 100.00 |
|  |  |  | Total | 7330.00 |