RECEIVED
SEP 22 20
THE GARDENS MAI

Filing # 113225717 E-Filed 09/11/2020 12:58:55 PM

## IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

TADE BUA-BELL

      Plaintiff,

v.

WATERSIDE SHOPS, LLC,
a Foreign Limited Liability Company,

      Defendant.

CIVIL DIVISION

CASE NO.:

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, TADE BUA-BELL by and through undersigned counsel, and hereby sues the Defendant, WATERSIDE SHOPS, LLC., in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, the Defendant, WATERSIDE SHOPS, LLC., was and is a foreign limited liability company with a principal of and mailing address in Michigan, authorized to and doing business within the State of Florida, and specifically within Collier County, Florida.

3. At all times material hereto, the Defendant, WATERSIDE SHOPS, LLC., owned/operated/ and/or controlled an upscale shopping venue located 5415 Tamiami Trail N, Naples, FL 34108 and maintained offices and agents and/or employees in Collier County Florida.

4. At all times material hereto, the Plaintiff, TADE BUA-BELL, was and is a resident of Collier County, Florida, and is *sui juris*.

5. All events pled in this Complaint occurred in Collier County Florida, and Collier County is the proper venue.

6. On or about December 20, 2018, the Plaintiff was lawfully upon the Defendants' premises, as in invitee when she was caused to fall due to the unreasonably slick tile flooring; an unlevel drop-off where the tile meets the concrete floor; and inadequate lighting, all of which the Defendants' knew or should have known about with the exercise of reasonable care and that would likely result in injury or harm to another person, in particular business invitees on the premises.

7. Upon information and belief, there have been other similar instances of falls on that same flooring material over the course of several years that were reported to the Defendant and for which some resulted in claims and lawsuits against Defendant.

8. As a direct and proximate result of the foregoing dangerous conditions, TADE BUA-BELL suffered severe injuries and will continue to suffer those injuries into the future.

## COUNT I- NEGLIGENCE WATERSIDE SHOPS, LLC.,

The Plaintiff, TADE BUA-BELL, realleges and reavers the allegations contained above and further states:

9. On December 20, 2018, the Plaintiff was lawfully upon the Defendant's premises, as an invitee.

10. The Defendant owed to the Plaintiff a nondelegable duty to use ordinary care to operate and maintain the premises in a manner that was reasonably safe, for those persons lawfully upon its premises, to exercise reasonable care to keep the premises free of foreseeable hazards, and to warn invitees of foreseeable or known hazards or dangerous conditions on

the premises, that it either knew of, or should have known of with the exercise of reasonable care.

11. The Defendant breached this duty to the plaintiff by the following acts of negligence, to wit:

    a. Failing to provide a reasonably safe premises;

    b. Failing to maintain the flooring in a reasonably safe condition;

    c. Failing warn of the dangers which it knew or should have known;

    d. Failing to provide safe ingress and egress from the shops and property

    e. Failing to perform adequate maintenance of the flooring;

    f. Failing to perform adequate inspections of the flooring;

    g. Failing to properly train and supervise employees in the inspection and maintenance and operation of the property;

    h. Failing to provide adequate lighting;

    i. Failing to replace the flooring after other similar instances of slips and falls;

    j. Failing to warn about the dangerous conditions after being on notice of similar instances of slips and falls

    k. Failing to properly install or repair flooring allowing for a dangerous drop off or unlevel walking surface or inconsistent walking surface;

    l. Failing to adequately manage the property;

    m. Failing to remove hidden dangers or to warn of potential hidden dangers;

    n. Creating the dangerous condition;

    o. Failing to implement appropriate modes of business operation designed to prevent, discover, and or ameliorate said dangerous conditions;

p.  Failure to implement, promulgate, adequate policies and procedures and rules and regulations;

q.  Failing to employ sufficient amounts of trained personnel;

r.  Failing to remedy the slippery tile after being on notice of its slippery nature and other similar incidents

s.  Other acts of negligence, as may be discovered, during discovery.

12. As a direct and proximate result of the Defendants' above-mentioned negligence, the Plaintiff was caused to suddenly slip, awkwardly twist her foot, and to fall down hard to the ground in pain due to the unreasonably slick tile flooring and unlevel drop-off where the tile meets the concrete floor in an inadequately lit area of ingress and egress, and thereby sustained a left Lisfranc fracture which required two invasive surgeries, suffered pain therefrom, suffered physical impairment and/or disability, damage, and suffered mental anguish, loss of capacity for the enjoyment of life, the cost of hospitalization and medical treatment in the past, and in the future, pain and suffering, aggravation of pre-existing conditions, inconvenience, and permanent scarring, and/or disfigurement. These loses are permanent, and continuing in nature, and the Plaintiff will continue to suffer these loses into the future.

**WHEREFORE,** the Plaintiff, TADE BUA-BELL, demands judgment for damages against the Defendant, WATERSIDE SHOPS, LLC, for compensatory damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), attorney's fees if and to the extent permitted by law, prejudgment and post judgment interest to the extent permitted by law, and all costs allowed by law.

## DEMAND FOR JURY TRIAL

**DEMAND** is hereby made for trial by jury of all issues so triable, as a matter of right.

## CERTIFICATE OF SERVICE

**DATED** this 11th day of September, 2020.

                                                  Alexander J. Perkins, Esquire
                                                  **PERKINS LAW OFFICES, P.A.**
                                                  Attorney for Plaintiff
                                                  14 NE 1st Avenue., Suite 814
                                                  Miami, Florida 33132
                                                  Phone: (305) 741-5297
                                                  Fax: (855) 740-5297
                                                  Pleadings only:
                                                  perkins@perkinslawoffices.com
                                                  efilings@perkinslawoffices.com
                                                  By: */s/ Alexander J. Perkins*
                                                  Florida Bar Number: 0529877